**WARNE et al. v. JACKSON et al.   (No. 7358.)**

(Court of Civil Appeals of Texas.  San Antonio.  May 13, 1925.  Rehearing Denied May 27, 1925.)

1. **Appeal and error ☞1194(2)—Adjudication that district court was without jurisdiction for lack of appeal bond does not affect county court's decree.**

Adjudication by Court of Civil Appeals that district court was without jurisdiction of cause for failure to file appeal bond, and that its judgment was hence a nullity, did not affect or nullify decree of county court, but left it in full force and effect, determination being simply that county court's decree was not appealed from.

2. **Judgment ☞463—Judgment not set aside for fraud where alleged fraud was intrinsic, and not extrinsic to matter tried.**

Party seeking to set aside judgment of county court as procured by fraud and perjury cannot obtain new hearing in county court on ground of falsity of evidence, where evidence complained of was intrinsic and not extrinsic to matter tried, and was heard and weighed by county court at original trial.

3. **Wills ☞225—Judgment not impeached for fraud where laches and lack of diligence in discovering fraud shown.**

Diligence in discovery of fraud is condition to setting aside judgment obtained thereby, and where it appears order denying probate of will complained of was entered in 1919, and no effort was made to set it aside until 1922, there was laches and lack of diligence defeating such action.

4. **Judgment ☞335(3)—Bill of review must be verified by affidavit.**

A bill of review is invalid where not verified by affidavit.

5. **Judgment ☞335(1)—Petition to set aside judgment for fraud held not bill of review within statute.**

A petition to set aside a judgment, filed years after judgment rendered, *held* not a bill of review authorized by Rev. St. art. 2026, since complaining party had instituted original suit, tried it, and failed.

**6. Judgment ⬤⟶460(8)—Petition to set aside judgment for fraud should be verified by affidavit.**

A petition to set aside a judgment for fraud should be verified by affidavit.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Petition by George B. Warne and another against Sarah Vestal Jackson and others to set aside a judgment of the county court denying probate of the will of John L. Jackson, deceased, and also to set aside judgment or decree partitioning estate of decedent and approving final accounting of Dan. E. Lydick, temporary administrator. A general demurrer to the petition was sustained by the county court, and from an order dismissing their appeal to the district court, petitioners appeal. Affirmed.

John W. Estes, of Los Angeles, Cal., Ocie Speer, of Fort Worth, Alonzo M. Griffen, of Chicago, Ill., and Mark A. Barwise, of Bangor, Me., for appellants.

McLean, Scott & Sayers, Capps, Canty, Hanger & Short, and Baskin, Eastus & Greines, all of Fort Worth, for appellees.

FLY, C. J. This suit involves the contest of a will of John L. Jackson by Robert I. Jackson and Sarah V. Jackson, as against George B. Warne, describing himself as executor of the will, and also an attack on a temporary administration. The cause is before this court on a second appeal, the first being reported in 230 S. W. 242. On the former appeal it was held that no appeal had been perfected to the district court from the county court because no appeal bond had been filed by Warne. It was held that the district court had no jurisdiction in the matter, and therefore the judgment of the county court denying probate of the will remained in full force and effect.

We gather from the record that appellant, after the judgment of the court had been rendered in the former appeal, went into the county court to set aside the judgment denying probate of the will of John L. Jackson, and also to set aside a judgment or decree partitioning the estate of the decedent, and approving the final account of Dan. E. Lydick, temporary administrator of said estate. The suit to set aside the judgment of the county court and probate the will was brought by George B. Warne, as the independent executor named in the will, and the National Spiritualists. Association of the United States of America, a corporation, incorporated under the laws of the District of Columbia. The application to set aside the judgments of the county court was based on the grounds that the effect of the judgment of this court was to annul, not only the judgment of the district court, but also that of the county court, and that the judgment of the county court denying the probate of the will was obtained through fraud and perjured testimony, in this that the answers of John I. Jackson and Sarah V. Jackson were false and were a fraud upon the court, and "that all the evidence introduced to support their contention that they had a legal right to contest the probating of said will, was false and perjured testimony." A general demurrer was sustained by the county court to the petition of appellants, and when they appealed to the district court their appeal was dismissed. This appeal is prosecuted from the order of dismissal.

[1] It was not the intention of this court on the former appeal of this case to disturb the judgment of the county court, which fully and fairly appears from the opinion of this court. The effect of the judgment was to dismiss the cause so far as the district court was concerned. This judgment of this court could not affect the judgment of the county court no matter what language might have been used, for the reason that the judgment of the county court had not been appealed from because no appeal bond had been given to the district court. It was plainly held that the district court had no jurisdiction because no appeal bond had been filed, and the cause had not been removed to the district court. On the former appeal, appellant insisted that the district court did not have jurisdiction of the cause, and this court said:

"The record shows that no appeal bond was given from the county court to the district court, and appellant is insisting that the district court had no jurisdiction of the cause, and it will necessarily follow that if the district court had no jurisdiction of the cause the judgment of the county court, denying probate of the will, has not been disturbed, and is still in full force and effect, and the dismissal of the cause would be exactly what appellees are seeking to obtain."

This court then discussed the question of the jurisdiction of the district court, held that it had no jurisdiction, and dismissed the cause. That judgment left the decree of the county court in full force and effect. The judgment of this court was:

"A bond should have been executed by appellant in order to give the district court jurisdiction, and as the district court had no jurisdiction, this court has none, and the cause will be dismissed."

It is an absurdity to contend that this court without jurisdiction could, by any language or set of words, have affected a judgment from which no appeal had been perfected. The authorities cited by appellants as to the effect that an appeal from a judgment of a county court has upon that judgment have no applicability whatever to a

---

case where no appeal was ever perfected, and of course are not authority in this case. No action of the district court nor of this court could possibly affect a judgment in the county court of which neither had any jurisdiction.

[2] The petition failed to state a cause of action, and a general demurrer was properly sustained. The voluminous pleading sets out in much detail the testimony of a number of witnesses who testified when the county court was considering the probate of the will, and denounces their testimony as false and perjured, but all of it was testimony legitimately before the county court, and its credibility and weight was duly considered by that tribunal. The fraud alleged was not extrinsic to the matter tried, but was purely intrinsic, and entered into the proceedings in the county court. Appellants had the opportunity to correct the judgment of the county court through an appeal, but failed to avail themselves of that remedy. The cause could have been carried by appeal to the district court, where it would have been heard de novo, and the fraud and perjury exposed in that court. Having through their own inexcusable neglect failed to obtain a new trial in the district court, they could not avoid the effects of their negligence by an attempt to obtain another hearing in the county court on the ground of the falsity of certain evidence which was heard and weighed by the county court in the trial of the cause. As said by the Supreme Court of the United States in the case of Hilton v. Guyot, 159 U. S. 113, 16 S. Ct. 139, 40 L. Ed. 95:

"It has often, indeed, been declared by this court that the fraud which entitles a party to impeach the judgment of one of our own tribunals must be fraud extrinsic to the matter tried in the cause, and not merely consist in false and fraudulent documents or testimony submitted to that tribunal, and the truth of which was contested before it and passed upon by it."

As said by Freeman on Judgments, § 489:

"The procuring of a judgment by perjury, or subornation of perjury, is doubtless a fraud, and such a fraud as would induce equity to grant relief, were it not for the fact that its existence can rarely or never be ascertained otherwise than by trying anew an issue already tried in the former action. Whenever an issue exists in any action or proceeding, each of the parties should anticipate that his adversary will offer evidence to support his side of it, and should be prepared to meet such evidence with counterproofs. Where he has an opportunity to do this, and does not avail himself of it, is unable to overcome the effect upon the court or jury of the evidence offered by his adversary, he cannot, in effect, obtain a retrial of the issue before another tribunal by charging that the judgment against him was procured by perjury; and this has been held to continue to be the rule, notwithstanding the existence of a statute authorizing actions to set aside judgments obtained by means of perjury or subornation of perjury."

This is the fundamental doctrine and cannot be departed from, except as stated in McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357, that it must appear that some fraud was directly practiced against the party seeking relief, and that he had been prevented from presenting all of his case to the court. The Supreme Court held:

"If by accident or mistake, without fault or neglect of his adversary, one obtains a judgment or decree which he ought not to have, relief may be given. And why? Certainly for no other reason than that the party affected by the accident or mistake has not had an opportunity to fully present his right."

[3-6] This was said in a case where a husband had obtained a divorce from a wife absent from the state of Texas, and who was unable to be present on account of the lack of money to pay for a railroad ticket to Texas, and the community property had been divided in such way as to defraud the wife. The opinion rested largely on the fact that it was impossible for the wife to discover the fraud, and the Supreme Court confined the re-examination of the case to the community rights of the wife because the husband had concealed her rights from her. Diligence in discovery of the fraud is made the condition to setting aside the judgment. It is so held in every case of the kind that we have considered. No diligence to discover such fraud as was alleged appears from the allegations of the petition.

The only issue before the county court in 1919 was whether the will of John L. Jackson was such a one as should be probated, and it is not made to appear that such will would have been probated even though it had not been sworn that Mrs. Jackson was his wife, and Robert Ingersoll Jackson his son. There was a compromise entered into between appellants and appellees on April 18, 1919, by which the estate of John L. Jackson was divided, and for over three years no effort was made to set aside that compromise, which had been embodied in a judgment of the county court. The will was denied probate on July 17, 1919, from which order no appeal was perfected, and no effort made to set aside said order until December 9, 1922, when a paper denominated "Plaintiff's First Amended Original Petition" was filed in the county court of Tarrant county. To that petition a general demurrer was sustained. In the judgment sustaining the general demurrer, the court found that:

"Having judicial knowledge and notice of the fact that no false testimony was offered or introduced on the trial of said cause, and that no fraud was practiced on the court therein, and that there was no false evidence on the trial of said cause as to the marriage of Sarah A. Vestal Jackson and John L. Jackson, and no

false testimony concerning the same, and no fraud practiced on the court with reference to the subject of the marriage between said Sarah Vestal Jackson and John L. Jackson, and that there was no false evidence offered or introduced concerning whether or not Robert Ingersoll Jackson was the son of John L. Jackson and his common-law wife, the mother of said Robert Ingersoll Jackson, and the court having judicial knowledge and notice, and taking judicial cognizance of the fact that the instrument offered for probate as the last will and testament of John L. Jackson, deceased, and which was refused by this court to be probated on said 17th day of July, 1919, was refused because of the testimony offered by the proponents of said pretended will showing that the said John L. Jackson was at the time of the execution of said purported and pretended will lacking in testamentary capacity to make and execute the same and to make disposition of his property."

The paper denominated "Plaintiff's First Amended Original Petition" was doubtless intended as a bill of review to set aside the former judgment of the court, and was not verified by the affidavit of any one. The proceeding could not have been a motion for a new trial, because filed years after the judgment was rendered. If it was intended as a new suit, it showed on its face that the matters of which complaint was made were res adjudicata, and if it could be classed as a bill of review then it was invalid because not verified by affidavit. However, it could not have been a bill of review authorized by article 2026, Revised Statutes, because the complaining party had instituted the suit and had tried it and failed in it. If it was a suit to set aside a judgment for fraud, the petition should have been verified by affidavit. The petition shows laches on its face, and shows an utter lack of diligence.

The judgment is affirmed.