**T. H. McCANN, Appellant,**

v.

**WARD COUNTY et al., Appellees.**

**No. 5903.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 11, 1967.

Rehearing Denied Jan. 10, 1968.

Murray J. Howze, Monahans, for appellant.

Ed Keys, Monahans, for appellees.

## OPINION

CLAYTON, Justice.

This is an appeal from a judgment of the District Court of Ward County, Texas, denying appellant a Bill of Review. This cause arose from a default judgment of the District Court against appellant, granting Ward County $2,104.00 for water sold by Precinct 4 to appellant on open account, and also granting costs of court and attorney's fees to the attorney who represented Ward County. That judgment was entered in cause numbered 10,977 on February 14, 1966. Appellant filed a motion to set aside the default judgment, which was denied be-

cause not timely filed. Appellant, on August 11, 1966, filed this action for Bill of Review alleging that he had not been served with citation in Cause No. 10,977 (although the record in that case shows service on the return of the citation) and did not know he had been sued until he was called by the attorney for the County after default judgment had been taken, and also that no demand had been made upon him to pay the amount of $2,104.00. However, he admitted in the present cause that he owed this amount and deposited it on the registry of the court.

Appellant presented here three points of error and appellees have five counterpoints, but only one of the counterpoints need be discussed. In Counterpoint No. 5, appellees point out that appellant was not properly before the trial court or before this court for the reason that his application for Bill of Review was not sworn to as required by law. This omission was the subject of an exception by appellees which the trial court did not rule on, perhaps because he denied the application for Bill of Review after hearing on the merits.

The record shows that this application was not verified. In 34 Tex.Jur., Judgments, in a discussion of Bills of Review, it is stated in § 243, p. 131:

"§ 243.—Verification.

"General rules of pleading require that the petition be verified by the plaintiff, or by his attorney if the facts alleged rest peculiarly within the knowledge of the attorney."

In the case of Warne v. Jackson, 273 S.W. 315, 318 (Tex.Civ.App., 1925; dism.) it is held:

"The paper denominated 'Plaintiff's First Amended Original Petition' was doubtless intended as a bill of review to set aside the former judgment of the court, and was not verified by the affidavit of any one. The proceeding could not have been a motion for a new trial, because filed years after the judgment was

rendered. If it was intended as a new suit, it showed on its face that the matters of which complaint was made were res adjudicata, and if it could be classed as a bill of review then it was invalid because not verified by affidavit."

This case was followed in Lindsey v. Panhandle Const. Co., 46 S.W.2d 339, 342 (Tex. Civ.App., 1932; n. w. h.) and affirmed in part, but remanded on other grounds, by the Texas Supreme Court, Panhandle Const. Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068 (1934).

From the above reference and case authorities, we conclude that there was no error on the part of the trial court in refusing the application for Bill of Review and affirm such decision.

Affirmed.