David L. SLOAN, et al., Appellants,

v.

Sam PASSMAN, Appellee.

No. 21156.

Court of Civil Appeals of Texas, Dallas.

March 11, 1976.

Rehearing Denied April 8, 1976.

For Dissenting Opinion, see
538 S.W.2d 1.

David L. Hatch, Sessions, Sessions, Neill, Scucchi & Hatch, Dallas, for appellants.

Shannon Jones, Jr., Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

AKIN, Justice.

This is a motion filed by appellant seeking to extend under Tex.R.Civ.P. 21c the time for filing the transcript beyond sixty days from the date of judgment as required by Tex.R.Civ.P. 386.

Rule 386 provides:

> In appeal or writ of error the appellant *shall file the transcript . . . with* the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error. [Emphasis added.]

We construe this language as mandatory rather than directory. This language is modified, however, by rule 21c, which provides that the court of civil appeals may permit late filing of the transcript when a motion to extend the time is filed within fifteen days after the sixtieth day from the date of judgment, provided, however, that a "reasonable explanation" is offered for the delay.

The question is whether a reasonable explanation, pursuant to rule 21c, for the failure to file within the sixty days specified by rule 386 includes reasonable diligence *during the entire sixty-day period* or whether reasonable explanation refers only to the time after the receipt of the transcript from the clerk. We hold that it means a reasonable explanation for the entire sixty-day period. *Estate of Harris v. Air Force Valley Foundation*, Motion No. A3638 (Tex.Civ.App.—San Antonio, January 28, 1976, not yet reported). Our holding here is supported by *Patterson v. Hall*, 430 S.W.2d 483 (Tex.1968) where the court construed "the good cause"[1] test under rule 386, prior to its amendment effective January 1, 1976, to extend to the *entire* sixty-day period. *Accord Wigley v. Taylor*, 393 S.W.2d 170 (Tex.1965). By substituting a "reasonable explanation" for the "good cause test," the supreme court merely relaxed the standard required, but did not eliminate the requirement of diligence during the sixty days.

Judgment was rendered on December 4, 1975. By letter dated January 15, 1976, appellant requested that the district clerk prepare the transcript. *No explanation is offered for this forty-two day delay.* Since we hold that "reasonable explanation" extends to the entire sixty-day period, this unexplained forty-two day period is conclusive.

In so holding, we do not construe the term "reasonable explanation" as giving

---

1. Prior to January 1, 1976, rule 386 authorized a court of civil appeals to extend the time for filing the transcript and statement of facts when motions are made within seventy-five days after final judgment is rendered or a motion for new trial overruled, showing "good cause" to have existed within the sixty-day period why the transcript and statement of facts could not have been filed within the sixty-day period.

this court absolute discretion to permit late filing. Instead, this language limits our discretion to a determination of whether the explanation offered for failing to timely file is reasonable. This is true because the implicit requirement of promptness and diligence was *not* deleted from the Texas Rules of Civil Procedure. For example, Tex.R. Civ.P. 376 requires that the appellant *shall promptly* file with the clerk a copy of the written direction to prepare the transcript. *Parks-Davis Auctioneers, Inc. v. L & W Tong Service, Inc.*, 496 S.W.2d 679 (Tex.Civ. App.—Corpus Christi 1973, no writ).

Since an appellant seeking a motion for an extension of time is required to set forth a reasonable explanation for not timely filing the transcript (21c), it is also implicit that an appellant is required to reasonably explain his actions or inactions during the entire sixty-day period, including a reasonable explanation for an extraordinary delay in requesting preparation of the transcript.

To hold as appellants would have us do would permit appellants to unreasonably delay requesting preparation of transcripts, thus abusing the orderly and timely disposition of appeals.

■ Assuming, however, that reasonable explanation does not extend to this unexplained forty-two day lapse of time, we will review the explanation offered by appellant after receiving the transcript to determine whether it is reasonable. On January 29, 1976, a Thursday, five days before the last date for filing, appellant received the transcript from the district clerk. Instead of filing the transcript immediately with the clerk of the court of civil appeals, appellant chose to take it back to his office to determine if the correct documents were included and to ascertain the accurate time for filing it. These reasons are not valid excuses because: (1) The time for filing the transcript was apparent from the date of judgment contained in the transcript, and (2) there was no immediate necessity for determining whether the correct documents were included because any omission in the transcript could be remedied by motion to supplement after the record was filed. Tex.R.Civ.P. 404, 428.

■ Appellant's attorney directed his secretary on either January 29 or 30 (the specific date is uncertain from the affidavit) to file the transcript with this court. However, the secretary so instructed, terminated her employment on January 30 in preparation for marriage. Affiant does not state whether he knew of the approaching departure and impending marriage of his secretary. He does state, however, that he is now aware that she was not capable of performing her duties because she was extremely preoccupied with her marriage plans. He avers that the other secretary in the office also left her employment on January 30 to have a baby. Again, he fails to state whether this departure date was unanticipated. The departure of the latter secretary is immaterial because there is no showing that she was also instructed to file the transcript. Since appellant's attorney made his secretary his agent to file the transcript, he cannot now complain of her failure so to do. *McGovern v. Smith*, 518 S.W.2d 254 (Tex.Civ.App.—San Antonio 1974, no writ).

■ Although affiant attorney states that the attorney of record in this cause was out of town from January 26 until after the motion for extension of time had been filed, no explanation is offered why other attorneys in appellants' firm could not have filed it.

Furthermore, although appellants' attorney does not so state, presumably he was in his office on January 30 and could have filed the transcript by mail or in person. Tex.R.Civ.P. 5. He does state, however, that he was ill on January 31, February 1 and 2, and did not return to his office until noon on Tuesday, February 3, when he discovered that the transcript had not been filed. On February 4, he tendered it for filing together with a motion for extension of time alleging these facts as a reasonable explanation for the delay.

Consequently, even if we construe that reasonable explanation need only be made for the time after receipt of the transcript,

we hold that the explanation offered is not a reasonable one.

Motion denied.

GUITTARD, J., dissenting.