David L. SLOAN et al., Appellants,

v.

Sam PASSMAN, Appellee.

No. 21156.

Court of Civil Appeals of Texas, Dallas.

March 11, 1976.

GUITTARD, Justice.

I do not agree that new rule 21c of the Texas Rules of Civil Procedure requires a showing of "reasonable diligence" for extension of the time for filing the record on appeal. The rule requires rather a "reasonable explanation" for failure to file it within the time prescribed. In my view, "reasonable explanation" permits a showing that such failure resulted from inadvertence, mistake, or mischance. This interpretation would tend to avoid the harsh result of loss of the right to appeal because of an error of appellant's counsel or his secretary.

Decisions under old rule 386, such as *Patterson v. Hall*, 430 S.W.2d 483 (Tex.1968), do not illuminate the meaning of rule 21c except to illustrate the injustices which occurred with distressing frequency under the old rule. In *Thompson v. Carter, Jones, Magee, Rudberg, Moss & Mayes*, 514 S.W.2d 131 (Tex.Civ.App., Dallas 1974, no writ), we called attention to the harshness of the old rule and suggested a more lenient standard for cases in which inadvertent failure to meet the deadline would not result in substantial delay. We may reasonably infer that the supreme court intended to move in this direction by deleting the "good cause" requirement of rule 386 and substituting the requirement of a "reasonable explanation." I cannot accept the majority view that this language was intended to continue the practice exemplified in *Patterson v. Hall* of making the appellants' rights depend on our determination of the diligence of counsel, as disclosed by affidavits. Such a requirement of diligence would represent too slight a departure from the old requirement of "good cause" to relieve the harshness of loss of the right to appeal because of an error of counsel.

In my view, the requirement of a "reasonable explanation" implies no stricter standard than that applicable to avoidance of a default judgment. In *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 125 (1939), the supreme court held that the defaulting defendant must show some excuse, but not necessarily a good excuse, in order to be entitled to a new trial. In explaining what kind of excuse would be acceptable, the court announced the rule that defendant must show that his failure to answer was not intentional or the result of conscious indifference, but was due to mistake or accident. *Id.*, 133 S.W.2d at 126. Application of this standard to extensions of time for filing the appellate record would not seriously interfere with the orderly and timely disposition of appeals because of the requirement in rule 21c that the motion for extension be filed within fifteen days after expiration of the sixty-day period. Consequently, I would hold that any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, may be accepted as a "reasonable explanation," even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise. I would also hold that the reasonableness of the explanation should be considered in the context of the length of the delay, so that a delay of only two days after expiration of the sixty-day period, as in this case, could be treated with more leniency than one of longer duration.

I concede that the present motion would have to be denied under old rule 386 because it does not show "good cause" why the record could not have been filed within the sixty-day period. I concede also that the practically equivalent standard of "reasonable diligence," which the majority find "implicit" in new rule 21c, has not been met. I do not find such a requirement in the rule, however, and I would hold that the

facts shown and recited in the majority opinion constitute a "reasonable explanation" for failure to tender the transcript to the clerk until two days after expiration of the sixty-day period. Consequently, I would grant the motion and hear the appeal.