Carol J. GRAVES et al., Appellants,

v.

GEORGE DULLNIG & COMPANY et al., Appellees.

No. 15611.

Court of Civil Appeals of Texas, San Antonio.

April 28, 1976.

Gary A. Beahm, San Antonio, for appellants.

Mark J. Cannan, Lang, Cross, Ladon, Boldrick & Green, Stephen E. Walraven, Groce, Locke & Hebdon, San Antonio, for appellees.

## ON MOTION TO DISMISS APPEAL

### PER CURIAM.

Appellees seek an order dismissing appellants' appeal because of appellants' failure to comply with the provisions of Tex.R. Civ.P. Rule 354(b) to the effect that counsel for appellant shall promptly give to counsel for appellee notice by mail of the filing of the appeal bond or certificate of deposit in lieu of bond. Appellees insist that this requirement is jurisdictional. We disagree.

The amendments to our rules of procedure, which became effective on January 1, 1976, were clearly intended to facilitate appeals by eliminating requirements which had become, in effect, traps for the unwary and resulted in numerous dismissals of appeals without reference to the merits of the particular cases. Thus, the requirement of notice of appeal was eliminated in most cases, and those cases where notice of appeal is still a prerequisite to perfection of appeal the period during which such notice shall be given has been extended from 10 days to 30 days. Rules 363, 354(c). The amendment of Rule 386 and the adoption of new Rule 21c reflect a conscious attempt to reduce the number of appeals dismissed because of the appellant's failure to file the record in the Court of Civil Appeals timely.

To hold that the failure to give notice of the filing of the bond or certificate requires a dismissal of the appeal is to conclude that,

despite the conscious effort to eliminate or, at least, reduce the number of appeals dismissed without reaching the merits, a new trap has been substituted for an old one. We realize that in some cases the failure to give the required notice may cause inconvenience to the appellee, but our appellate courts have been liberal in allowing amendments of the record and extensions of time for filing briefs. In most cases, that is, the result of failure to comply with the notice requirement results in mere inconvenience rather than injury to the appellee. Unless we are to stubbornly adhere, despite the new spirit reflected by the 1976 amendments to the rules, to the strict manner of interpreting the rules concerning perfection of appeal, we must conclude that the requirement of notice of the posting of security is not jurisdictional.

Our conclusion finds at least some support in the fact that Rule 363, which was also amended, effective January 1, 1976, states that the appeal is perfected when the appeal bond is filed. The giving of the notice of filing of security is not mentioned as a prerequisite to the perfection of the appeal.

The motion to dismiss the appeal is denied.