**CITY OF WICHITA FALLS, Appellant,**

v.

**Kenneth J. HOLLIS, Appellee.**

**No. 17804.**

Court of Civil Appeals of Texas, Fort Worth.

July 9, 1976.

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellant.

Banner, McIntosh & Dobbs, Wichita Falls, for appellee.

OPINION ON MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF FACTS

MASSEY, Chief Justice.

The City of Wichita Falls, as appellant, has filed a motion for extension of time within which to file a Statement of Facts which was due to be filed June 21, 1976. The motion was filed within the fifteen day period provided by T.R.C.P. 21c, "Extensions of Time on Appeal."

The motion affirmatively shows that the appellant's motion for new trial was over-

ruled on April 22nd, 1976, and that on May 25, 1976, it mailed a letter to Mr. James Hanks, the official Court Reporter for the 78th District Court, ordering the preparation of the Statement of Facts. In other words it was not until the 34th day following the day its motion for new trial was overruled that appellant requested this part of the appellate record.

Nothing appears in the instruments filed by appellant which constitutes any explanation concerning why there was a 34 day delay in ordering the Statement of Facts. In its reply to the contest to its motion appellant merely says: "Appellant would urge that a request for a statement of facts some 30 days after the judgment became final is not 'dilatory or laggardly' ".

Mr. James Hanks, the Court Reporter who would prepare the statement of facts would be unlikely to accomplish such for at least six months even if appellant had made timely request therefor. This fact has given us some concern. It appears that we would have judicial knowledge that even if requested in due time Mr. Hanks could not perform as anticipated by those who promulgated our Rules of Civil Procedure. Therein is provided a sixty day period for filing statements of facts in appealed cases. Pending before this Court in another case is a 5th Motion for Extension of Time to File a Statement of Facts which was due to have been filed over one year ago, but which is not yet available because Mr. Hanks has not yet prepared it. He has made affidavit in support of the 5th motion for extension that he cannot be sure that he will be able to prepare it until July 29, 1976.

Apparent is the inconvenience to this Court as well as to counsel in the necessary accommodation of its docket to Mr. Hanks' ability to supply a record.

We have concluded that all the foregoing is without importance to the determination of the merits of appellant's motion for time extension. It is to appellant's delay in requesting the record that we must confine consideration.

We have concluded, and therefore hold, that the 34 day delay in requesting the statement of facts constitutes a failure of compliance with the provisions of Rule 21c as a matter of law, there having been no reasonable explanation of the failure to timely file the same. That is so because there is no explanation whatever why it had not earlier requested that the statement of facts be prepared.

*Sloan v. Passman,* 536 S.W.2d 575 (Tex. Civ.App., Dallas, 1976) has just been noticed. In that case there was a 42 day delay in ordering a transcript from the clerk of the court and there was no explanation of the occasion for delay. The court held that as a matter of law there was not compliance with the provisions of Rule 21c, and that therefore the motion for extension of time within which to file the appellate record should be denied. Here we make the identical holding relative to the 34 day delay in ordering the statement of facts.

We write no further save to state that we totally agree with the rationale and reasoning in the extended opinion of the Dallas court in *Sloan v. Passman,* supra.

The motion is denied.