**Victor H. HILDYARD and Rio Ray Citrus, Inc., Appellants,**

v.

**FANNEL STUDIO, INC., Appellee.**

**No. 1161.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 31, 1977.

Rehearing Overruled Feb. 24, 1977.

Brinkley L. Oxford, Oxford & Oxford, Edinburg, for appellants.

David H. Hockema, Lauderdale & Hockema, Mercedes, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a bill of review in which the trial court refused to set aside a default judgment previously rendered. From an adverse judgment, plaintiffs appeal to this Court.

The 60-day period for filing the record on appeal expired July 10, 1976. Appellants filed a motion to extend the time to file the transcript on July 16, 1976, pursuant to Rule 21c, T.R.C.P. The transcript was received July 19, 1976. Appellee filed a motion to affirm on certificate on July 22, 1976.

The question before the Court is whether appellants complied with Rule 21c in their request for an extension of time. The motion was made within the 15 day period following the 60th day and states that the transcript could not be filed on time because the district clerk could not prepare the transcript according to the directions of the appellants by the due date. A certificate of the district clerk dated July 20, 1976, and attached to the appellee's motion to affirm on certificate shows she received the request for preparation of the transcript on July 1, 1976, which was nine days before it was due to be filed in this Court. Appellants' attorney's motion also states that his own schedule of civil and criminal trials kept him very busy during the period when the transcript should have been filed.

Rule 21c became effective January 1, 1976, and considerably eased the strict requirements for timely filing the transcript. Prior to 1976, Rule 386 provided for late filing only if the appellant showed "good cause" why the record could not be filed during the 60-day period following judgment or order overruling the motion for new trial. This established a very strict standard as interpreted in *Matlock v. Matlock*, 151 Tex. 308, 249 S.W.2d 587 (1952) and *Patterson v. Hall*, 430 S.W.2d 483 (Tex. Sup.1968). The appellant had the burden to show good cause not only for his failure to timely file, but also for his inability to timely file.

With the 1976 amendments to the rules, the strict time limits for taking prescribed appellate steps were eased. A limited number of reported cases construe the meaning of "reasonable explanation" required by new Rule 21c. The Courts of Civil Appeals which have considered the issue are split in their interpretation of the rule.

A strict standard was announced by the Dallas Court in *Sloan v. Passman*, 536 S.W.2d 575 (Tex.Civ.App.—Dallas 1976, no writ). Justice Akin for the majority read into the rule a requirement for "reasonable diligence". In its first of two holdings, the Court applied its "reasonable diligence" standard to the entire 60-day period, and not merely the time between the attorney's receipt of the transcript and the expiration of 60 days. The appellant in *Sloan v. Passman* had delayed 42 days before requesting a transcript. No explanation at all was offered for this delay. The Court considered this lack of explanation conclusive against him.

In its second holding, the Court evaluated the appellant's conduct between his receipt of the transcript and the 60th day, and concluded his diligence was insufficient to meet the "reasonable explanation" requirement of Rule 21c. The explanation for delay included illness of the attorney, an out-of-town trip by the attorney, and termination of employment by his office personnel on or about the due date. These events were held insufficient because the Court concluded reasonable diligence would have overcome all these difficulties and permitted timely filing.

A strong dissent in *Sloan v. Passman* was entered by Justice Guittard and reported in 538 S.W.2d 1 (Tex.Civ.App.—Dallas 1976, dissenting opinion). As stated hereafter, the dissent was subsequently cited by the Austin and Houston [14th Dist.] Courts of Civil Appeals upon their adoption of the standard proposed in the dissent. The dissent would define "reasonable explanation" as a showing that the delay resulted from inadvertence, accident or mistake. He would equate this standard with that applicable to avoidance of a default judgment upon prompt filing of a motion for new trial as announced in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939):

" . . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident . . . ."

Justice Guittard would accept any plausible statement to show the delay was not deliberate or intentional, and would then determine reasonableness in the context of the length of delay. *Sloan v. Passman* (dissenting opinion), supra.

The Houston Court [14th Dist.] adopted the standard of the *Sloan v. Passman* dissent in *Mulloy v. Mulloy*, 538 S.W.2d 818 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). Justice Cire wrote for the court stating: "We hold that a reasonable explanation under Rule 21c is 'any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. . . .' *Sloan v. Passman*, 538 S.W.2d 1 (Tex.Civ.App.—Dallas 1976) (dissenting opinion)." The Mulloy Motion for extension of time was denied, however, because even this liberal test was not met by the appellant who offered *no* explanation for his failure to file within 60 days. His explanation only concerned delay occasioned by time needed to correct errors in the record which he discovered after the end of the 60-day period.

The Austin Court set the same standard for reasonable explanation, also citing the *Sloan v. Passman* dissent. Justice Shannon stated: "In our view, 'reasonable explanation' permits a showing that such failure to file timely was not deliberate or intentional, but rather was the result of inadvertence, mistake, or mischance." *Stieler v. Stieler*, 537 S.W.2d 954 (Tex.Civ.App.—Austin 1976, writ ref. n. r. e.). The point of delay in the *Stieler* case occurred after appellant received the statement of facts. Appellant's

explanation that time was needed to correct numerous errors in the statement of facts and that one of the attorneys had been ill was held sufficient despite a 38-day period before the due date, 28 of which passed before the attorney became ill.

One other court to comment on Rule 21c is the San Antonio Court in a per curiam opinion, *Graves v. George Dullnig & Co.*, 538 S.W.2d 149 (Tex.Civ.App.—San Antonio 1976, no writ). The issue concerned the promptness of appellant in informing appellee that a cost bond had been filed. The Court commented on Rule 21c as manifesting a conscious effort to reduce the number of appeals being dismissed because of appellants' failure to timely file the record.

"The amendments to our rules of procedure, which became effective on January 1, 1976, were clearly intended to facilitate appeals by eliminating requirements which had become, in effect, traps for the unwary and resulted in numerous dismissals of appeals without reference to the merits of the particular cases. . . ."

Thereafter in identical cases from the San Antonio Court, *James Delaney et al v. Rose E. Adkins* and *Marcello Gallegos v. Truck Insurance Exchange*, (not yet reported, but see Texas Court Reports, Volume 1, No. 5, p. 351), the Court stated that the harshness of the restrictive Rule 386 led to the adoption of Rule 21c, and held in effect that any plausible statement of circumstances indicating that failure to file within the 60-day period was not deliberate or intentional but was the result of inadvertence, mistake, or mischance would amount to a reasonable explanation. The Court held that appellant's explanation that they were unable to timely file the record because it became lost was a reasonable explanation for the appellants to timely file the record late because such excuse shows that the failure was not deliberate or intentional. The San Antonio Court refused to rule on a situation involving the negligence of the attorney.

On the other hand, the Fort Worth Court agreed with the majority standard set out in *Sloan v. Passman* in a case factually similar to *Sloan*. In *City of Wichita Falls v. Hollis*, 539 S.W.2d 180 (Tex.Civ.App.—Fort Worth 1976, no writ), the Court denied leave to file a transcript after the due date. Justice Massey wrote for the Court which found a 34-day delay in requesting the transcript to constitute failure to comply with Rule 21c as a matter of law, citing the holdings and reasoning in the *Sloan* case. Thus, Fort Worth has also defined "reasonable explanation" to implicitly incorporate a reasonable diligence standard.

These decisions leave a split in the Courts which have addressed the meaning of "reasonable explanation" in Rule 21c. Two other courts have interpreted Rule 21c, but in contexts not applicable to the case before us. The Eastland Court held that Rule 21c did not permit the filing of the transcript and statement of facts 97 days after the motion for new trial was overruled by operation of law. *Sanders v. West Texas Utilities Company*, 537 S.W.2d 787 (Tex.Civ.App.—Eastland 1976, refused). Similarly, Rule 21c was held not to allow entertainment of a motion to extend time which was filed 24 days after the 60th day expired. *Cousins v. Brown*, 539 S.W.2d 233 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

These cases exhaust the reported decisions interpreting Rule 21c and its effect on failure to timely file the record. The Corpus Christi Court has not heretofore ruled on the meaning of "reasonable explanation" as set forth in Rule 21c. The use of the words "reasonable explanation" in place of "good cause" as previously required in Rule 386 shows an intent, we believe, on the part of our Supreme Court who promulgated the new rule to permit more flexibility in the appellate jurisdictional steps. The 15-day limit in Rule 21c during which the motion must be filed is the built-in limitation on delays caused by late filing.

There is nothing implicit in the language of the rule that requires the appellant to have exercised diligence. It merely states that his explanation must be reasonable, not that his conduct must meet any particular standard of diligence. To read in such a

standard would require the appellate court to evaluate the conduct of the appellant's attorney, presumably supported by affidavits to establish both the conduct and context in which it occurred, in light of what the court would consider appropriate under the circumstances. An ascertainable standard would be difficult to define at best.

In the case before us, the appellants requested the preparation of the transcript some 51 days after final judgment. (No motion for new trial was filed.) Their request reached the district clerk on July 1, nine days before the transcript was due in this Court on July 10, 1976. However, in explaining the inability of the clerk to prepare the transcript by the 60th day, the appellants offer reasons showing the clerk was required to get out two (2) transcripts (the original case and the Bill of Review); that the clerk had a busy schedule; and that the clerk was short of personnel because of the beginning of vacations. Although diligence in requesting the transcript earlier may be lacking, generally speaking, with today's modern equipment that is available for the reproduction of records, a district clerk and her staff should be able to prepare a transcript on even shorter notice than nine (9) days. We are of the opinion that the district clerk's inability to prepare a transcript in nine days in and of itself would not be the fault of an attorney for an appellant if he had properly informed the district clerk of the deadline for filing in the Court of Civil Appeals. Appellant's attorney alleges that his own schedule has been very busy with civil and criminal trials, but he does not specifically state that his work was related to his failure to request a transcript more promptly.

Although Rule 21c does not envision that just any explanation will be sufficient, we do hold that if the explanation explaining the cause for the failure of a party to timely file is *reasonable*, and such explanation comports with judicial experience, then the motion should be granted. We Judges are familiar with the term "reasonable". It is this criterion upon which we believe that we must decide whether or not the granting of the motion is proper. No fixed guidelines should be set as our discretion in such matters should control absent an abuse.

Appellant's motion shows a reasonable explanation for the need of additional time. The motion for extension of time to file the transcript is therefore granted.

*Appellee's motion to affirm on certificate is denied.*

### OPINION ON THE MERITS

This is an appeal from the granting of a summary judgment which had the effect of denying appellants' petition for bill of review. The appellants, Victor Hildyard, acting individually and on behalf of Rio Ray Citrus, Inc., sought by bill of review to set aside a default judgment taken against them by appellee Fannel Studio, Inc.

The original suit was brought in the nature of a sworn account by Fannel to recover some $6,775.54 for services rendered in providing certain advertising materials to Rio Ray Citrus, Inc. plus $2,250.00 in attorneys' fees. Fannel's petition alleged that Rio Ray's corporate charter was forfeited on or about March 10, 1975 for failure to pay its franchise tax. It alleged that service of citation could be had by serving the Secretary of State by virtue of Article 2031b Tex.Rev.Civ.Stat.Ann. (1964).[1] The

1. Sec. 6   When any corporation, association, joint stock company, partnership or natural person becomes a non-resident of Texas, as that term is commonly used, after a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such corporation, association, joint stock company, partnership or natural person is not required to appoint a service agent in this State, such corporation, association, joint stock company, partnership or natural person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business or an officer of such company, or to such natural person by certified or registered mail, return receipt requested.

petition further alleged that the corporation was a resident of Weslaco, Hidalgo County, Texas and that Hildyard was the principal stockholder of the corporation which is no longer in existence. The petition stated that Hildyard does not maintain a place of regular business in the state nor has he designated an agent upon which service of process could be made. Fannel alleged that service could be had upon the Secretary of State as agent for defendants. Fannel further stated that Hildyard's last known address was at 1666 South University Boulevard, Denver, Colorado.

A default judgment against Rio Ray and Victor Hildyard was rendered on September 22, 1975. On October 3, 1975, the appellants Rio Ray and Hildyard, filed a motion to set aside the default judgment. Four days later the appellants filed a general denial and a special answer alleging as a defense to plaintiff's claims, the two year statute of limitations. In addition, the appellants filed an amended motion to set aside the default judgment. The appellee, Fannel, filed its answer to appellants' motions for new trial. On October 23, 1975, the trial court entered an order setting aside the default judgment, but on December 8, 1975, the trial court, apparently realizing it no longer had jurisdiction and control over its original judgment, vacated that order and reinstated the original default judgment. On December 12, 1975, the appellants filed their petition for bill of review to set aside the default judgment rendered contending that proper service upon the defendants was not made since Rio Ray had a duly registered agent upon which service could be had and that proper service had never been attempted upon either Rio Ray or Hildyard. Fannel, the appellee, filed an original answer and a motion for summary judgment. The trial court granted the summary judgment. It is from this judgment that appellants have perfected their appeal to this Court.

■ Appellants' second point of error presents the controlling question of whether the trial court erred in granting appellee Fannel's motion for summary judgment. Where a motion for summary judgment has been filed the trial court must determine if there are any issues of material fact to be tried. In determining this, all doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 939 (1952); *Lyons v. Paul*, 321 S.W.2d 944 (Tex. Civ.App.—Waco 1958, writ ref'd n. r. e.). Together with the rule of summary judgment, we must also consider the rules which pertain to a bill of review which is the relief sought by the appellants.

■ A bill of review will not be granted unless the petitioner clearly satisfies the requirements of pleading and proof. The petitioner must allege under oath and prove: 1) a meritorious defense; 2) which he was prevented from making by fraud, accident or wrongful act of the opposite party; 3) unmixed with any fault or negligence of his own. *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex. Sup.1974); *Texas Machinery & Equipment Company, Inc. v. Gordon Knox Oil & Exploration Company*, 442 S.W.2d 315 (Tex.Sup. 1969); *Gracey v. West*, 422 S.W.2d 913 (Tex.Sup.1968).

The question, therefore, is whether or not the appellants' petition in the bill of review and their summary judgment answer proof was sufficient to resist the granting of appellee's motion for summary judgment. The record before us contains only the appellants' original petition in the bill of review. There is nothing in the record to show the type of notice used on the defendants in the default judgment case. We do not have the notice of citation, the sheriff's return of service or any matter showing substituted service by the Secretary of State. Even if the appellants had standing in the courts of Texas [2] they did not file any

---

2. See Tex.Gen.Ann. Art. 12.14 (1964) which states that [A]ny corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter or certificate of authority of such corporation.

affidavits showing who the proper agent for service would be. The default judgment recited proper service of citation.

▆▆▆ In addition, the appellants' bill of review was insufficient. Although the appellants allege they had a good defense to the former judgment, they do not allege that they were prevented from making such defense due to the fraud, accident, or wrongful act of the opposite party. Since the record is void of proof and lacking in pleadings of one of the essential elements necessary to present a proper bill of review, the trial court was correct in granting appellee's motion for summary judgment. We might add that there is one additional reason for refusing to consider appellants' bill of review. Although the appellants' pleadings were verified by their attorney, they were not sworn to by the appellants, Rio Ray and/or Hildyard. See *McCann v. Ward County*, 423 S.W.2d 339 (Tex.Civ.App. —El Paso 1967, writ ref'd, n. r. e.); *Warne v. Jackson*, 273 S.W. 315 (Tex.Civ.App.— San Antonio 1925, writ dism'd); *Patrucio v. Selkirk*, 160 S.W. 635 (Tex.Civ.App.—Austin 1913, writ ref'd). See also *Barnard v. Kuldell*, 349 S.W.2d 313 (Tex.Civ.App.— Houston 1961, no writ).

▆▆▆ The appellants, in their remaining points of error, attempt to attack the validity of the original judgment rendered by the trial court. The bill of review was the proper vehicle to attack this judgment. See *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). Since the appellants did not satisfy the requirements of pleading and proof when they sought their bill of review, their remaining points of error have no merit here. See *Griffith v. Conard*, 536 S.W.2d 658 (Tex.Civ.App.—Corpus Christi 1976, no writ).

The judgment of the trial court is AF-FIRMED.

——————

The article further states that "[E]ach director and officer of any corporation whose right to do business within this State shall be so forfeited shall, as to any and all debts of such corpo-

ration, . . . be deemed and held liable thereon in the same manner and in the same extent as if such directors and officers of such corporation were partners."