BILLY B., INC., Appellant,

v.

BOARD OF TRUSTEES OF the GAL-VESTON WHARVES; Galveston Party Boats, Inc.; Gulf Boats Co.; Boat Services of Galveston, Inc.; Clifford L. Acosta; James R. Schroeder; and E.W. Schroeder, Appellees.

No. 01–85–0733–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1986.

John H. Helm, Martin, Down, Herring & Helm, Houston, for appellant.

Michael L. Wilson, Rider & Wilson, Galveston, Michael B. Hughes, Otto D. Hewitt,

McLeod, Alexander, Powel & Apffel, Galveston, for appellees.

Before EVANS, C.J., and WARREN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the dismissal of a Bill of Review.

The appellant, Billy B., Inc. ("Billy B."), filed suit to enjoin the appellees, Galveston Party Boats, Inc., Gulf Boats Co., Boat Services of Galveston, Inc., Clifford L. Acosta, James R. Schroeder, and E.W. Schroeder (hereinafter collectively referred to as "Galveston Boats"), from using Pier 19, and to enjoin the appellee, Board of Trustees of the Galveston Wharves ("Galveston Wharves"), from leasing dock space at Pier 19 to the appellees, Galveston Boats. Billy B. alleges that Section IV of the Galveston City Charter prohibits the berthing of any vessels at Pier 19 except for "party boats," shrimp boats, and fishing boats.

Billy B. asserts that Galveston Boats is operating "crew boat activities" (which involves transporting men and supplies to and from offshore rigs and larger vessels) on their boats M/V Thunderchief and M/V Native Dancer, in violation of the Charter.

Billy B. is not entitled to use Pier 19 because it is not involved in the party boat, shrimping, or fishing business. It complains that it cannot effectively compete with Galveston Boats because the cost of operations from Pier 19 is less expensive than at other piers, and that it is losing sales of services and income because of the direct competition from these illegally operated vessels.

Appellees, Galveston Boats and Galveston Wharves, filed their separate answers and motions to dismiss. Both answers asserted that prior litigation between themselves resulted in a declaratory judgment that the M/V Thunderchief, owned by Galveston Boats, is a "party boat" within the meaning of the city charter. Both motions

to dismiss asserted that Billy B. has no standing to sue, that the issues it presented were decided in prior litigation, and that Billy B. was collaterally estopped from asserting the same issues. Galveston Wharves also filed a motion for summary judgment, to which Billy B. responded. A hearing was set on this motion for January 17, 1985.

A hearing was held on both Galveston Wharves' and Galveston Boats' motions to dismiss on December 3, 1984, and the court took the matter under advisement. By letter of December 4, 1984, counsel for Galveston Wharves forwarded to the court a proposed order of dismissal, with copies to all parties.

By a letter to all parties, dated December 14, 1984, the trial court advised them of its decision to sustain Galveston Wharves' motion to dismiss because it found "that the plaintiff lacks standing to bring this lawsuit," and stated that the form of order submitted by Galveston Wharves' attorney had been signed on December 13, 1984. Billy B. did not request any relief from this ruling.

Galveston Wharves' motion for summary judgment remained set for hearing on January 17, 1985, a time more than 30 days after the court's entry of the dismissal order. Billy B. alleges that only when its counsel reported in court for this hearing did it learn that the form of motion to dismiss submitted by Galveston Wharves' attorney had been altered before the court signed and entered it. The alteration consisted of the longhand interlineation of five words, added at the request of counsel for Galveston Boats in an ex parte conversation with the judge. As thereafter entered, the concluding paragraph of the order stated:

It is therefore ORDERED, ADJUDGED AND DECREED that this cause be and is hereby dismissed with prejudice to the refiling of the same *as to all party defendants.* All costs of court are to be paid by the plaintiff. (Emphasis added).

The emphasized words quoted above were the longhand interlineation.

Billy B. filed a petition for a bill of review alleging, among other matters, that it was prejudiced by the additional words in the order; that it had not been informed of the additional language; that it had the impression that the case had not been totally disposed of; and that its counsel was thereby deceived "into not filing a notice of appeal of the case until it was fully disposed of by signing an order of dismissal dismissing the other defendants in the lawsuit." Billy B.'s petition for bill of review was heard and denied on April 30, 1985. A hearing on Billy B.'s "Application for Rehearing of Petition for Bill of Review" was conducted on July 23, 1985, and was denied.

In two points of error, Billy B. asserts that the court erred: (1) in denying its petition for bill of review; and (2) in dismissing its suit for lack of standing.

■ The appellees urge that Billy B.'s point of error one should be overruled because its bill of review pleadings are not properly verified. *McCann v. Ward County*, 423 S.W.2d 339 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.). However, the appellees never excepted to this procedural defect in their answers to Billy B.'s petition for bill of review, and never brought the matter to the attention of the court; accordingly, the appellees' objection is waived. Tex.R.Civ.P. 90.

■ A bill of review is an equitable action brought to set aside a judgment. To prevail upon a bill of review, the complainant must allege and *prove:* (1) a meritorious defense to the cause of action alleged to support the judgment (or, as in our case, a meritorious claim or cause of action); (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979).

■ Bills of review are not favored by the courts because the finality of judgments is of fundamental importance. Thus, bills of review seeking relief from otherwise final judgments are to be ana-

lyzed with "extreme jealousy." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984).

Billy B.'s petition for bill of review was filed to set aside the order of dismissal as it applied to Galveston Boats, i.e., all parties other than Galveston Wharves, whose dismissal Billy B. did not oppose. To prevail, Billy B. was required to plead and prove that it had a meritorious defense to the dismissal of its suit against Galveston Boats; that it was prevented from making this defense by some fraud, accident, or wrongful act of Galveston Boats; and that it was not negligent in its .own conduct.

Billy B.'s meritorious defense to the dismissal of its initial suit for injunction and damages required that Billy B. plead and prove, *inter alia*, that it had standing to bring the suit, which was the only issue addressed by the trial court in granting the motion to dismiss.

■ "Standing consists of some interest peculiar to the person individually and not as a member of the general public." *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). More specifically, a person has standing to sue if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own interest. *Housing Authority v. State ex rel. Velasquez*, 539 S.W.2d 911, 913–14 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

■ In pleading Galveston Boats' fraudulent, accidental, or wrongful act, Billy B.'s petition for bill of review set out the occurrences which it claimed prevented it from knowing that the motion to dismiss applied to all the parties.

In pleading its own meritorious defense to the dismissal, i.e., its standing to bring the suit for injunction and damages, Billy B. alleged:

Plaintiff herein has a good and meritorious cause of action as set forth in its original petition, a copy of which is attached ... and made a part hereof by reference.

The incorporated petition alleged that: (1) Billy B. is engaged in businesses which are in direct competition with Galveston Boats; (2) Billy B. is required to pay "substantially more" for the private leasing of its dock at Pier 7, compared to the "relatively inexpensive" lease rates at Pier 19; (3) the City, through Galveston Wharves, is "subsidizing" Galveston Boats' business by allowing them to lease space at Pier 19 when they do not qualify under the city charter; (4) Billy B. claims that it has no adequate remedy at law; and (5) Billy B. is "losing sales of services and income" because of the direct competition from the "illegally operated vessels," which loss of income cannot be accurately calculated.

As for proof of Billy B.'s injury or damages necessary to show standing, Billy B.'s attorney testified as follows at the hearing on the bill of review on April 30, 1985:

I believe that the plaintiff has standing in this case because all of the cases cited by both sides hold that when a party alleges a damage peculiar to himself and not suffered by the public in general, he has standing to bring a lawsuit of this nature.

.    .    .    .    .

And that's exactly what this case is about. It's about a peculiar damage to the plaintiff in this case.

.    .    .    .    .

The public in general is not engaged in the business of crew-boat operations. The plaintiff in this case is. The plaintiff in this case is being deprived of income from what has been alleged as illegal competition because of the violation of lease provisions and of the city charter.... *It can and will be shown in the trial on the merits that considerable income has been lost* because of the crew-boat operations, which have been conducted out of Pier 19 and which violate the city charter; and of course, that's the basis of the lawsuit.

(Emphasis added).

While such a statement by counsel might suffice as an outline of proof to be offered, it did not constitute actual proof. No other testimony concerning Billy B.'s damages as an element of standing was presented either at the initial bill of review hearing or at the rehearing on July 23, 1985.

During argument with the court and counsel for the appellees at appellant's July 23rd rehearing, Billy B.'s attorney stated to the court:

... He's [Mr. Baker, counsel for appellee Galveston Boats] saying I did not meet the requirement for you to grant the bill of review. *He's saying I did not prove a meritorious cause of action. That's not the requirement.* The court could find that there is a meritorious cause of action. *Naturally, I didn't bring all my witnesses and put on my proof* because I didn't have a chance to do any discovery....

(Emphasis added).

Contrary to appellant's quoted argument, both allegation and *proof* of a meritorious cause of action are required for a party to prevail upon a petition for bill of review. *Baker v. Goldsmith*, 582 S.W.2d at 406. Proof of Billy B.'s damages was required to show its standing to bring suit as an essential element of its cause of action. Discovery may have been required to obtain needed proof either in Billy B.'s initial suit or in its petition for bill of review; however, Billy B. has not contended that it was thwarted or precluded from obtaining discovery in either action.

We need not discuss the remaining elements of the bill of review because Billy B. has not proven its meritorious cause of action. Tex.R.Civ.P. 451. Therefore, Billy B.'s point of error one is overruled.

Appellant's point of error two asserts that the court erred in dismissing its suit for lack of standing.

Our holding on Billy B.'s first point of error, i.e., that Billy B. failed to show a meritorious cause of action by failing to prove standing, is equally dispositive of the second point of error, which also centers on the issue of standing. Appellant's second point of error is overruled.

Appellees Galveston Wharves' and Galveston Boats' counterpoints 1–3 address the subject matter of appellant Billy B.'s two points of error and are, in effect, sustained. Appellee's counterpoints 4–7 need not be considered.

The judgment is affirmed.