**CONCUR and Opinion Filed April 28, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-21-00185-CV**

## IN THE INTEREST OF D.M., A MINOR CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-03631**

## CONCURRING OPINION FROM THE DENIAL OF MOTION FOR *EN BANC* RECONSIDERATION
Opinion by Justice Schenck

Appellants moved for *en banc* reconsideration of the panel's dismissal of their notice of appeal from a final decree of divorce signed on December 15, 2020. The panel originally dismissed the appeal for lack of jurisdiction after denying appellants' motion for extension of time to file their notice of appeal. Despite noting that the motion was filed within the fifteen-day extension period provided by appellate rule 26.3, the panel nevertheless denied the motion and dismissed the appeal concluding appellants failed to offer a reasonable explanation for the delay in filing. I supported the request for en banc reconsideration and wrote separately to address the problem, as I believe the issue presented here implicates important procedural standards governing the potential waiver of the right to appeal. The panel

has now withdrawn its earlier decision, mooting appellants' motion for *en banc* reconsideration in this case. The issue nevertheless remains extant. *See A to Z Wholesale Wine & Spirits, LLC v. Spectra Bank*, No. 05-21-01149-CV, 2022 WL 1025098 (Tex. App.—Dallas Apr. 6, 2022, no pet. h.) (mem. op.); *Ali v. Spectra Bank*, No. 05-21-01113-CV, 2022 WL 1025101 (Tex. App.—Dallas Apr. 6, 2022, no pet. h.) (mem. op.). In view of the recurring nature of the problem, I believe the release of my opinion, as a concurrence, is necessary to facilitate a resolution of the question in an appropriate case by the en banc court or the Texas Supreme Court.

My understanding is that we are generally obliged by rule and mandate of a superior court to reach the merits and, whenever possible, not to dispose of matters before us due to procedural irregularities. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215 (Tex. 2020); *Herczeg v. City of Dallas*, No. 05-19-01023-CV, 2021 WL 1169396, at *3 (Tex. App.—Dallas Mar. 29, 2021, pet. denied) (mem. op.) (Schenck, J., dissenting); *B.C. v. Steak N Shake Operations, Inc.*, 613 S.W.3d 338, 345–46 (Tex. App.—Dallas 2020, no pet.) (Schenck, J., concurring from the Court's denial of en banc reconsideration). In view of that mandate, this Court and others are obliged to adopt a humble and generous view towards all who attempt to invoke our jurisdiction and obtain a meaningful decision.

As I understand it, the standard for granting a timely motion to extend time to appeal is a subjective one: whether a party "deliberate[ly] or intention[ally] failed to comply" with the rule, including the provision for extra time to file a notice of

appeal. *Garcia v. Kastner Farms*, 774 S.W.2d 668, 670 (Tex. 1989). Thus, a decision made to pursue an appeal made only after expiration of the original deadline—and after announcing in open court the intent not to appeal—does not amount to waiver. *Calce v. Dorado Exploration, Inc.*, 309 S.W.3d 719, 730 (Tex. App.—Dallas 2010, no pet.) (applying *Garcia*). To the extent other decisions of this Court suggest a standard contrary to *Garcia*[1] by creating an objective test, I believe we miss the mark. We would also ignore that the extension rule and its "liberal" standard are known to the parties to be that any subjectively "reasonable" explanation will permit an extension.[2]

We are told to give effect to any bona fide attempt to invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). I construe that general directive to require that we grant additional time unless there is an affirmative indication to deny that relief. A default against jurisdiction in this setting, is the opposite effect. A formality in invoking this Court's jurisdiction should be treated as what it is: a formality, not a terminal event. We are not lords of this manor; we are merely the servants. Once a party has made a bona fide attempt

---

[1] Notably, *Garcia* cited with approval a dissent by Justice Guittard from this Court in *Sloan v. Passman*, 536 S.W.2d 575 (Tex. App.—Dallas 1976, no writ), with Justice Guittard's dissenting opinion reported in 538 S.W.2d 1, in embracing its liberal standard.

[2] One could argue that parsing into our prior caselaw (regardless of whether it complies with *Garcia*) to point to past rejections of extensions does not amount to conscious or deliberate conduct unless the record shows that the party was aware of it. Failure to understand the law, even if negligent, is not a basis for denying a motion for additional time. *Garcia*, 774 S.W.2d at 669. And, even then, we would be pressed to the question of whether such a categorical declaration of intent would be proper under *Garcia*'s subjective inquiry.

to invoke our jurisdiction, or pursue a merits disposition, we are obliged to facilitate that right.

Any "reasonable explanation" for a late filing of a notice of appeal within the fifteen-day extension period should suffice. This would include "any plausible statement" of the circumstances explaining the failure to file timely. *Garcia,* 774 S.W.2d at 669. Unfamiliarity with caselaw or miscalculation of deadlines, as I understand it, might, at worst, amount to professional negligence, but it is clearly not an intentional or conscious disregard for the filing deadline. *Id.* On the other hand, subjective awareness of the deadline and conscious disregard of same because there is a fifteen-day window to extend should not suffice.

Here, as in other instances, appellants explained their untimely notice of appeal was due to late awareness of a final judgment, confusion surrounding post-judgment filings, and a miscalculation of the appellate deadline. Because each of these reasons are in fact plausible explanations, it was not necessary for this Court to dismiss appellants' appeal, and, as a result, the initial dismissal of this case was both improper and contrary to controlling precedent. *See Verburgt*, 959 S.W.2d at 616.

For the reasons set forth herein, I write separately to commend the panel on withdrawing its earlier opinion, to highlight what I perceive to be a continuing problem in this area, and to encourage the Texas Supreme Court to provide further guidance in this regard.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210185CH.P05