**Delia CUELLAR, Appellant,**

v.

**Adolfo CUELLAR et al., Appellees.**

**No. 969.**

Court of Civil Appeals of Texas,

Corpus Christi.
Feb. 20, 1975.

Rehearing Denied March 13, 1975.

R. E. Lopez, Jr., Alice, for appellant.

J. G. Adami, Jr., Perkins, Davis, Oden & Warburton, Alice, for appellees.

OPINION

PER CURIAM.

This cause is before us on appellant's amended motion for extension of time to file transcript and statement of facts pursuant to Texas Rules of Civil Procedure, rule 386, and appellee's opposing motion.

The last day for filing of the record was February 3, 1975. On February 4th the transcript and statement of facts were tendered to and received by our clerk for filing. On that same day the appellant filed her motion asking this Court to permit the late filing; the next day (February 5th) she filed an amended motion.

Rule 386 provides that the transcript and statement of facts shall be filed with the Court of Civil Appeals within 60 days from the rendition of final judgment; that rule further provides that by motion filed within 15 days after the expiration of the 60-day period showing good cause to have existed within such 60-day period why the transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be filed. The provisions of this rule are mandatory and jurisdictional and therefore must be complied with to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (Tex.Sup.1952); Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Tex.Civ.App.— Corpus Christi 1963, writ dism'd).

No issue is made here about the appellant's promptness in ordering the transcript from the district clerk and the statement of facts from the court reporter; nor about the form of the appellant's motion (verification with attached affidavits).

The appellant contends that she has demonstrated diligence and that the statement of facts and transcript "could not" have been filed with this Court on or before February 3rd (the last day for filing), all of which shows "good cause". Her primary

grounds urged as excuses for the late filing are these: (1) the district clerk failed to notify appellant's attorney on February 3rd (the last day for filing) that the transcript was completed; (2) the appellee's attorney failed to approve the statement of facts until February 4th (a day late for filing).

 About the transcript, the deputy district clerk who prepared it stated, in one of her affidavits before us, that the appellant's attorney had told her that she had until February 8th to complete the transcript. In that regard, we do not hold that it was the deputy clerk's duty to notify the appellant's attorney that the transcript was ready. Even if she had that duty and her failure was negligence, then the appellant's attorney caused the negligence by his representation to her that February 8th was the crucial date. This is so because she indicated, in her affidavit, that she first realized on February 4th that the transcript was due on February 3rd; that before she could telephone the appellant's attorney of that realization, he called her and advised her that February 3rd was the final date. Nevertheless, the transcript was ready for delivery to the appellant, or her attorney, on February 3rd. So the appellant could have picked it up and filed it with our clerk on that last day. Appellant's "good cause" ground for failure to timely file the transcript is overruled.

About the statement of facts, appellant's attorney says that he received it from the court reporter on January 30th (the Thursday before the Monday due date for filing); that "efforts were made to have the same approved by telephone and personal contacts" with appellee's attorney on January 31st and February 3rd; that it was finally approved on February 4th by appellee's attorney. Appellee's attorney disputes this. He says, by affidavit attached to his reply motion, that appellant's attorney called him on January 30th and advised that he would come to the office of the appellee's attorney on February 3rd for final approval and signing of the statement of facts; that he, the appellee's attorney, agreed to that time schedule; that he was available in his office all the day of February 3rd for the signing and approval; that appellant's attorney on February 3rd neither came by the office nor contacted the appellee's attorney by telephone or letter; that appellant's attorney, on February 4th during the noon hour, brought the statement of facts by the home of appellee's attorney and that he promptly signed and approved it. Irrespective of the dispute between the attorneys, the appellant's attorney made no effort to secure the trial judge's approval of the statement of facts on or before the critical date of February 3rd.

We hold that the appellant has not shown "good cause" why she could not have timely filed her statement of facts.

The appellant's amended motion is overruled and the appeal is dismissed.