James Wesley SHEPARD, Appellant,

v.

Elnora O. SHEPARD and Camille Yvonne Shepard, Appellees.

No. 17288.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 21, 1978.

Rehearing Denied Oct. 12, 1978.

C. C. Divine, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Kenneth McLaughlin, Jr., Houston, for appellee.

COLEMAN, Chief Justice.

The appellant has filed a motion to extend the time for filing of a transcript in the above captioned cause. A final judgment was entered in the case on June 6, 1978. Under Rule 386, T.R.C.P., the transcript was due to be filed on or before August 7, 1978. The transcript and appellant's motion to extend time were received by this court on August 14, 1978.

Rule 21c, T.R.C.P., provides that an extension of time may be granted for filing in a court of civil appeals of a transcript "if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules." The transcript and the motion for an extension of time were received by the court within the fifteen day period specified in Rule 21c, T.R. C.P.

 In his motion the movant states that he miscalculated the date on which the transcript was due because of a change in the law relating to appeal from the probate court. The transcript was ordered on August 9, 1978, two days after the date on which it was due to be filed in this court. The former law to which the movant apparently refers is Rule 336, T.R.C.P., which was repealed effective January 1, 1976. Under that rule he would have been required to file his transcript within thirty days. The term "reasonably explaining" as used in Rule 21c, supra, means any plausible statement of circumstances indicating that the failure to file within the sixty day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977). The motion filed with this court in this case sets up no reasonable explanation. The motion will be denied.

Appellees have filed a motion that this appeal be dismissed for want of jurisdiction.

We have refused to grant the appellant an extension of time within which to file his transcript. It was not filed within the time required by Rule 386, T.R.C.P. The provisions of this rule pertaining to the time within which the transcript must be filed are mandatory and jurisdictional and, therefore, must be complied with to invoke the appellate jurisdiction of the court. *City of San Antonio v. Terrill,* 501 S.W.2d 394 (Tex.Civ.App.-San Antonio 1973, ref'd n. r. e.). The appellant has properly moved for dismissal as authorized by Rule 405, T.R. C.P. The motion is granted and the cause is dismissed