**John R. BRICE, Appellant,**

v.

**Mary P. BRICE, Appellee.**

**J. E. HARGROVE, Appellant,**

v.

**The CITY OF GARLAND, Texas,**
**Appellee.**

**Nos. 22729, 22735.**

Court of Civil Appeals of Texas,
Dallas.

Jan. 25, 1979.

---

S. L. Lewis, Dallas, for appellant in No. 22729.

G. R. Barragan, Dallas, for appellee in No. 22729.

Edith L. James, Dallas, for appellant in No. 22735.

Richard P. Johnson, Asst. City Atty., Garland, for appellee in No. 22735.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

This opinion concerns two separate motions in different cases filed under Tex.R. Civ.P. 21c. Since both motions raise the same question, we will address them simultaneously. Petitioner John R. Brice seeks an extension of time for filing a transcript and petitioner J. E. Hargrove asks for an extension for filing a transcript and a statement of facts. We hold that neither petitioner has given a "reasonable explanation" of his need for an extension of time. Accordingly, we deny both motions.

 Tex.R.Civ.P. 21c(1) states:

An extension of time may be granted for late filing in a court of civil appeals of a

transcript, statement of facts . . ., if a motion *reasonably explaining* the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by applicable rule or rules. [Emphasis added.]

The term "reasonably explaining" means any plausible statement of circumstances indicating that the failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977); *Shepard v. Shepard,* 572 S.W.2d 86 (Tex. Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.). These cases reveal that each motion under Rule 21c rests on its own facts. Petitioner has the burden to reasonably explain the need for an extension. *Hildyard v. Fannel Studio, Inc.,* 547 S.W.2d 332 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

█ In the *Brice* case the transcript was due in this court on December 15, 1978. Brice filed his request for the transcript with the district clerk on December 14, 1978, the transcript was delivered to his attorney on December 29, 1978, and tendered to this court on the same day, but was not accepted because the sixty-day period for filing under Tex.R.Civ.P. 386 had expired. A Rule 21c motion to extend time was filed on January 2, 1978, the last possible day for such motion. As his reason for late filing, movant states that he relied upon the statement of one of the deputies of the district clerk that the proper time for filing the transcript was January 3, 1978. He contends that he relied upon this statement "because of the familiarity and experience of the personnel in the office of the district clerk of Dallas County, Texas". Movant does not state when he received this misinformation from the clerk, and it is possible that it may have been received after the sixty-day period had already expired. Reliance upon a person whose official duties do not include informing attorneys of the proper appellate time limits, as opposed to relying on information available from the petitioner's own files, is not the result of inadvertence, mistake or mischance. *See Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950); *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964). In addition, movant does not offer any explanation why he made no request for the transcript until the fifty-ninth day. Consequently, the motion does not "reasonably explain" the need for an extension.

█ In the second case, the judgment became final on August 31, 1978. Hargrove then requested a transcript and also ordered a statement of facts on October 11, 1978. The record was due on December 22, 1978. This Rule 21c motion to extend was filed on January 4, 1979, and the record has been tendered. In support of his motion, movant states that he was involved in negotiations for the sale of his business (the subject of the lawsuit) and his attorney was "preoccupied" with the Christmas holidays, other litigation, and this lawsuit. Alleging mere negotiations for the sale of a business, without more, is not a reasonable explanation. Likewise, preoccupation with other affairs is not a reasonable explanation. Otherwise, any excuse, no matter how flimsy, would be sufficient for postponement of the appeal. Obviously, this was not the intent of Rule 21c, and, therefore, we hold that petitioner Hargrove has failed to reasonably explain his need for an extension of time.

Motions denied.