**Eileen STANFORD, Appellant,**

v.

**GREGGTON MOTOR SERVICE, INC., d/b/a Aamco Transmission, Appellee.**

**Motion Docket No. 2825.**

Court of Civil Appeals of Texas, Tyler.

March 8, 1979.

Gary R. Thomas, East Texas Legal Services, Nacogdoches, for appellant.

John E. Sharp, Sharp, Ward, Ross & McDaniel, Longview, for appellee.

**PER CURIAM.**

Appellant has moved for an extension of time in which to file the transcript and statement of facts in this court. The judgment of the trial court was signed and entered on December 14, 1978. Appellant deposited cash as his bond for appeal on December 21, 1978. Pursuant to Rule 386, T.R.C.P., the sixty-day period allowed for the filing of the transcript and statement of facts expired on February 12, 1979.

In her motion appellant states that the statement of facts was requested from the court reporter and the transcript from the district clerk on February 8, 1979, and that the transcript has not been prepared. It is incorrectly stated that the time for filing the statement of facts expires February 14. Good cause for failure to timely file the record was alleged in that appellant's attorney, as executive director of East Texas Legal Services, was engaged in interviewing persons to fill positions in that organization and in supervising the relocation of that organization's offices within the city of Nacogdoches, "and through inadvertence, did not file his requests for transcript and statement of facts with the District Clerk and Court Reporters until February 8, 1979, and was then informed that the transcript and statement of facts could not be prepared until April 14, 1979 due to the backlog of the court reporters [sic] work." Appellant then requests an extension of the time for filing the record until April 14, 1979. Affidavits are attached from appellant's attor-

ney substantiating the above statements, and from the court reporter stating that she was not requested to compile the statement of facts until February 8, 1979, and that she would be unable to complete it until April 14, 1979. There is no affidavit from the district clerk. Appellee has opposed this motion, stating that appellant failed to exercise ordinary diligence and praying for denial thereof.

■ Rule 386, T.R.C.P., requires that appellant file the transcript and statement of facts with the clerk of the court of Civil Appeals within sixty days of the rendition of final judgment. In our opinion, appellant has failed to request the statement of facts from the court reporter within a reasonable time in that it was not requested until the 56th day after the date of the judgment. See *Wigley v. Taylor,* 393 S.W.2d 170, 171 (Tex.1965); *Whitt v. Hartgraves,* 412 S.W.2d 344, 345 (Tex.Civ.App.–San Antonio 1967, no writ); *Fortune v. Fortune,* 532 S.W.2d 411, 412 (Tex.Civ.App.–Austin 1976, no writ). Although it is the responsibility of the court clerk to prepare the transcript upon the filing of the cost bond on appeal, Rule 376, T.R.C.P., it remains incumbent upon appellant to file it in the Court of Civil Appeals, Rule 386, T.R.C.P. Appellant has not justified the failure to timely file the transcript. Appellant remains obligated, in our view, to promptly request the statement of facts and to timely file both it and the transcript or reasonably explain his failure to do so. See *Taft v. Wolma,* 541 S.W.2d 673, 674 (Tex.Civ.App.–San Antonio 1976, no writ). This obligation appellant has failed to fulfill.

Accordingly, Appellant's Motion to Extend Time for Filing Record is denied.