Weldon BRAGG, Appellant,

v.

CITY OF DALLAS, Texas, Appellee.

No. 20299.

Court of Civil Appeals of Texas,
Dallas.

Sept. 24, 1980.

William C. Terry, Terry & Turner, Bonham, for appellant.

Patrick A. Teeling, Asst. City Atty., Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

## ON MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING

GUITTARD, Chief Justice.

Appellant's motion for rehearing was mailed to the clerk of this court on August 21, 1980, which was one day late under Rules 5 and 458 of the Texas Rules of Civil Procedure. He has now filed a motion for extension of time under Rule 21c(1). We hold that the motion does not "reasonably explain" the need for the extension.

The explanation stated in the motion is as follows:

> Good cause for extending the time for filing Appellant's Motion for Rehearing exists, in that on the date Appellant's counsel received notice of the Court's judgment in the above matter, he had just returned from vacation and the demands of other matters upon his time

made it impossible for him to complete the Motion for Rehearing prior to the 21st day of August, 1980. Among those demands were a criminal trial setting in the District Court, Fannin County, Texas, Sixth Judicial District, set for August 18, 1980, and an August 18, 1980, deadline for filing a reply in Cause No. B–9655 in the Supreme Court of Texas, which said reply brief was received and filed by Garson R. Jackson, Clerk for that Court on August 18, 1980.

This explanation, in our opinion, does not meet the test of reasonableness, which is "any plausible statement of circumstances indicating that failure to file within the [prescribed] period was not deliberate or intentional, but was the result of inadventure, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977). We have held that a general statement that the movant or his counsel was occupied with other matters is not a reasonable explanation. *Brice v. Brice*, 581 S.W.2d 699 (Tex.Civ.App.–Dallas 1979, no writ). Such an explanation implies a conscious choice to give other matters preference over the filing in question. In order to demonstrate the reasonableness of that choice, the motion should describe the other matters in sufficient detail to enable the court to determine whether the explanation is reasonable under the circumstances.

The present motion is not entirely limited to generalities, since it identifies two other matters that required counsel's attention for a part of the period in question. However, the motion does not state whether the "criminal trial setting" actually led to a trial on August 18, and it affirmatively shows that the reply in the Supreme Court of Texas was filed on August 18. There is no explanation of any matter that occupied counsel on August 19 or August 20.

A motion for rehearing may be a simple document, which may be prepared in a relatively short time. If time is short, a formal motion containing the necessary assignments of error may be filed and leave may be sought to file a supporting argument later. The present motion does not explain why no attempt was made to prepare and mail a motion after the matters specified had been completed and before the time for mailing the motion had expired. Consequently, the facts stated in the motion are insufficient to reasonably explain the need for the extension.

Motion overruled.