**J. Manuel BANALES et al., Relators,**

v.

**Garson R. JACKSON et al., Respondents.**

No. B–9668.

Supreme Court of Texas.

Oct. 29, 1980.

J. Manuel Banales, Corpus Christi, pro se.

Mark White, Atty. Gen., Paul Gavia, Asst. Atty. Gen., Austin, for respondents.

## MOTION TO REVIEW UNDER 21c

PER CURIAM.

J. Manuel Banales has filed an application in the supreme court to review the order of the court of civil appeals denying his motion to extend time to file a motion for rehearing. The court of civil appeals rendered judgment and Banales failed to timely file his motion for rehearing. 601 S.W.2d 508. A timely filed motion for rehearing is necessary for this court to have jurisdiction to review an error of the court of civil appeals by writ of error. Tex.R. Civ.P. 458, 468, 469. Review by application for writ of error of the grant or denial of a 21c motion is proper, but Banales cannot pursue that course, because the motion for rehearing is essential to his right to file an application for writ.

Rule 21c states that any order of the court of civil appeals granting or denying a motion for late filing of a motion for rehearing, transcript or statement of facts shall be "reviewable by the supreme court for arbitrary action or abuse of discretion." When the late filing is permitted by the court's order granting a 21c motion, the order is reviewable by application for writ of error and that remedy is sufficient as the exclusive mode of review. When, however, the court of civil appeals denies a motion for extension of time to file a motion for rehearing, an application for writ of error is not an available remedy. This court in that situation may review the order by an interlocutory review. Banales has proceeded in this instance by way of an interlocutory appeal from the order denying his motion for late filing of his motion for rehearing. We regard that procedure as appropriate and one that complies with Rule 21c and within this court's constitutional grant of power to issue such writs as are necessary to enforce this court's jurisdiction. Tex. Const. art. V § 3. The interlocutory appeal to review a 21c order is available, however, only in the instance of a denial of the requested extension of time to file a motion for rehearing.

This court's review of an order denying an extension of time for filing a motion for rehearing is limited to the record the movant made in the court of civil appeals. That record should include: (1) the petition for review which states all of the facts relating to the circumstances leading up to the denial of the extension of time, (2) copy of the 21c motion that was filed in the court of civil appeals, (3) the supporting affidavits filed in that court, Rule 406, (4) the clerk's certificate showing the orders of the court of civil appeals, and (5) a brief. The review by motion for leave to file accompanied by the stated documents must also be filed within the time required for an appeal to this court from the court of civil appeals, that is, within thirty days from the date of the denial of the motion. Tex.R.Civ.P. 468.

■ Banales has presented the substance of the information needed for the review, and we accordingly grant leave to Banales to file his interlocutory review. Our examination of the merits of his contention shows that Banales' only explanation for failure to file the motion for rehearing is that he was not aware that one was necessary. The court of civil appeals did not act arbitrarily or abuse its·discretion in holding that the explanation was not a reasonable explanation. *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977); *Brice v. Brice,* 581 S.W.2d 699 (Tex.Civ.App.–Dallas 1979, no writ); *Stanford v. Greggton Motor Service, Inc.,* 579 S.W.2d 526 (Tex.Civ.App.–Tyler 1979, no writ); *Shepard v. Shepard,* 572 S.W.2d 86 (Tex.Civ.App.–Houston [1st Dist.] 1978, writ ref'd n. r. e.).

The motion to reverse the order of the court of civil appeals is denied.