**Ross A. SEARS, Relator,**

v.

**The STATE of Texas, Respondent.**

**No. B–9813.**

Supreme Court of Texas.

Oct. 29, 1980.

Ross A. Sears, Houston, pro se.

Mark White, Atty. Gen., Eva King Loutzenhiser, Asst. Atty. Gen., Austin, for respondent.

## MOTION TO REVIEW UNDER 21c

PER CURIAM.

Ross A. Sears seeks an interlocutory review of the order of the court of civil appeals, 605 S.W.2d 375, which denied his motion to extend the time to file the transcript in this cause. We have today held in *Banales v. Jackson,* 610 S.W.2d 732 (Tex. 1980), that an interlocutory review was an appropriate remedy when the court of civil appeals denies an extension of time to file a motion for rehearing. We held that the interlocutory review was authorized by Rule 21c and also afforded protection of this court's jurisdiction under Article V, Section 3, of the Texas Constitution. The present problem, however, does not concern the denial of a motion for rehearing and is too remote to be termed a protection of this court's jurisdiction.

Sears filed his appeal bond but failed to get the transcript on file within the time required by the rules. He filed a motion pursuant to Rule 21c, seeking an extension of time, but the court of civil appeals held that he failed to state a reasonable explanation for the late tender of the transcript, and denied the motion. The court of civil appeals, from the record brought before us, did not, however, go forward and dispose of the appeal by dismissing the action.

When a court of civil appeals denies an extension of time to file a transcript or a statement of facts, it should proceed to judgment, since the appeal is otherwise still pending. Prior to January 1, 1981, the court can dispose of the pending appeal by affirmance on certificate, Tex.R.Civ.P. 387, 387a, or it can dismiss the action on its own motion for want of jurisdiction. *Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956 (1943). After January 1, 1981, timely filing the transcript or statement of facts is no longer jurisdictional, but a failure to file the instruments shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding the materials filed late, or applying presumptions against the appellant. The court may act on its own motion. Tex.R.Civ.P. 386.

We deny Sears' motion to review the order denying an extension of time to file the transcript, but we do so without reaching the merits of his motion. When the court of civil appeals renders a final judgment by dismissing the appeal, *Walker v. Cleere, supra* ; Tex.R.Civ.P. 386, or affirming the judgment on certificate, Tex.R. Civ.P. 387, 387a, Sears may file his motion for rehearing and perfect an appeal by writ of error. The court's denial of his 21c motion can then be reviewed.

The motion is dismissed.