Troy WALLACE, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 21088.

Court of Appeals of Texas, Dallas.

Sept. 28, 1981.

Rehearing Denied Oct. 15, 1981.

John D. Sloan, Henderson, for appellant.

Joseph W. Wolfe, Henderson, Bryant & Wolfe, Sherman, for appellee.

Before GUITTARD, C. J., and STOREY and STEPHENS, JJ.

STOREY, Justice.

This is appellee's motion to affirm on certificate for reason of late filing of the transcript. Appellant opposes the motion, and counters with his own motion to compel filing of the transcript and a motion to extend time to file the statement of facts. We consider all motions together in this opinion, deny the motion to affirm on certificate, grant the motion to compel filing of the transcript and also grant the motion for extension of time to file the statement of facts.

On December 3, 1980, a final judgment was signed in this case, and the court overruled a timely motion for new trial on February 27, 1981. Appellant perfected his appeal by filing an affidavit of inability to pay costs on March 4, 1981, a contest to

which was overruled on March 27, 1981. Tex.R.Civ.P. 363. Because appeal was perfected after January 1, 1981, we are governed by the amendments of the Texas Rules of Civil Procedure made effective on that date. Accordingly, applying the 100-day deadline of rule 386 for filing of the transcript and statement of facts when a motion for new trial is filed, the record was due on March 13, 1981. The transcript was transmitted to the clerk of this court on May 5, 1981, and was held for filing but not filed. The statement of facts has not yet been tendered for filing. These motions followed.

■ We first consider appellee's motion for affirming on certificate under rule 387 of the Texas Rules of Civil Procedure. Rule 387 authorizes the appellate court on motion by appellee to affirm the judgment of the trial court for failure of the appellant to comply with any requirement of the rules, including failure to file the transcript. Our question is whether by rule 387 and the other provisions of the rules appellee has the absolute right to have the judgment affirmed on the grounds that the transcript was not filed within the 100-day period provided by rule 386 and no motion to extend that period was made within the fifteen days allowed by rule 21c.

We hold that there is no absolute right to affirmance under the amended rules. Under the former rules the appellee had such an absolute right. *Pollard v. American Hospital and Life Ins. Co.*, 472 S.W.2d 116 (Tex.1971); *Matlock v. Matlock*, 151 Tex. 308, 249 S.W.2d 587 (1952). Consequently, compliance with the time requirements of the rules was formerly regarded as essential to appellate jurisdiction. *Maxi-Burger, Inc. v. Nasa Veterinary Clinic, Inc.*, 593 S.W.2d 765 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Cuellar v. Cuellar*, 519 S.W.2d 531, 532 (Tex.Civ.App.—Corpus Christi 1975, writ dism'd); *cf. Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956, 958 (1943) (interlocutory appeal under rule 385). The purpose of the amendment, effective January 1, 1981, was to abolish the harsh jurisdictional limitation applied in these cases. Barrow, *Appellate Procedure Reforms,* 12 St. Mary's L.J. 615, 616, 625 (1981). Instead, the appellate court was given responsibility to manage and minimize delay in the appellate process without disposition unrelated to the merits. To this end, rule 386 provides that "[f]ailure to file either the transcript or the statement of facts within [the time allowed] shall not affect the jurisdiction of the court or its authority to consider material filed late, but shall be grounds for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against the appellant, either on motion or in the court's own motion, *as the court shall determine.*" (Emphasis added).

■ We interpret this rule as giving the appellate court discretion to consider untimely material or to refuse to consider it. This interpretation is confirmed by other amendments. Rule 387, which formerly dealt only with affirmance on certificate for failure to file the transcript within the time allowed, is now a general rule providing the procedure for dismissal or affirmance "for failure of the appellant to comply with any requirements of these rules or any order of the court." Likewise, rules 389 and 389a have been amended to delete the requirement that the clerk of the appellate court determine whether the transcript and statement of facts have been tendered for filing within the proper time. The supreme court explains this change in rule 389 in the following note accompanying this amendment: "Since filing the transcript is no longer a matter of jurisdiction, references to the required time for filing the record are deleted." A similar explanatory note accompanies the amendment to rule 389a.

■ The principal problem posed by these amendments is their effect on rule 21c, which requires that an extension may be granted if a motion reasonably explaining the need is filed within fifteen days of expiration of the period prescribed by rule 386. We see no conflict with rule 21c. If the appellant files a motion complying with rule 21c, he is entitled to the extension; if the appellate court denies it, the denial may

be reviewed by the supreme court. *Embry v. Bel-Aire Corp.*, 502 S.W.2d 543 (Tex. 1973). It does not follow, however, that if the motion is not filed within the fifteen-day period prescribed by rule 21c, the appellate court has no jurisdiction and cannot consider a record filed late. Under amended rule 386, the court may exercise its discretion by considering the late-filed record or it may decline to do so, as it shall determine.

■ The principal obstacle to this interpretation is rule 437, which provides as follows:

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c.

This rule also was amended effective January 1, 1981, but only by inserting the word "except," an obvious omission from the rule as it stood previously. Rule 437 was not amended to conform to the amendments of rule 386 and 387. Consequently, although rule 386 provides that failure to file the record within the time prescribed "shall not affect the jurisdiction of the court or its authority to consider material filed late," rule 437 continues to provide that the court "shall make no enlargement of time . . . for filing transcript and statement of facts except pursuant to Rule 21c." In our opinion, rules 387 and 437 are in conflict.

The only possibility of reconciling these apparently conflicting provisions is by an interpretation that would nullify the 1981 amendments to the appellate rules. Thus it might be said that although the court has jurisdiction of the appeal notwithstanding failure to file the record in time, the court must nevertheless dismiss or affirm without consideration of the merits in the absence of a timely and sufficient motion to extend under rule 21c. Such a narrowly technical

interpretation would defeat the obvious purpose of the amendments to rules 386, 387, 389 and 389a and would leave the law the same, for all practical purposes, as it stood before the amendments. It is contradictory to say that the court's jurisdiction of the appeal or its authority to consider late-filed material is not affected, but it has no authority to review the record. We are convinced that no such interpretation was intended by the supreme court. Consequently, we hold that rule 437 is no longer effective to the extent that it conflicts with rule 386.

The present case is a good example of the kind of nonmeritorious disposition that the amendment to rule 386 was designed to prevent. The delay in filing the transcript was not attributable to appellant. He filed his affidavit in lieu of bond on March 4, 1981. The contest of the affidavit was overruled on March 27. The appeal was perfected on that day. Tex.R.Civ.P. 363. Then, but not until then, it was the duty of the clerk to prepare a transcript and immediately transmit it to the appellate court. Tex.R.Civ.P. 376. Meanwhile the 100-day period for filing the record had expired on March 13. The fifteen-day period for filing a motion to extend under rule 21c expired on March 30, since March 28 fell on Saturday. On May 5, appellant was informed by the clerk of the court that the transcript had been received, but that it was held without filing as untimely. Ordinarily an appellant is entitled to rely on the clerk of the lower court to prepare and transmit the transcript, as provided by rule 376. In this case, the 100-day period had already expired by the time the transcript had been transmitted to this court. The change in the rules effective January 1, 1981, contributed additional confusion. Under the old rule, the time for filing the record would not have expired until April 28, sixty days after February 27, the date the motion for new trial was overruled. Thus, the transcript received on May 5 would have been well within the time afforded by 21c for a motion to extend. These circumstances present a proper case for the exercise of our

discretion in determining whether we should apply the sanctions provided by rule 386. We exercise that discretion by declining to apply the sanctions.

We recognize that neither rule 386 nor rule 387 provides any standard for the exercise of this discretion. We are conscious, therefore, of our responsibility to exercise it in such a manner as to avoid unreasonable delay in the appellate process. We will require at least the reasonable explanation provided by rule 21c, but a reasonable explanation may not be enough. Any hardship or prejudice to the appellee or third parties will also be considered, although it is not a factor in the case of a timely motion under rule 21c. No hardship or prejudice is shown here. The length of the delay is also important, since a stronger justification is necessary for a greater delay. Here the delay was only a few days and need not materially postpone disposition of the appeal. We need not fear that this interpretation of the rules will result in unreasonable delay. We have ample authority to apply the sanctions specified in rule 386, and we will not hesitate to do so in an appropriate case.

For the reasons stated, we overrule appellee's motion for affirmance and grant appellant's motion to direct the clerk to file the transcript as of the date received. For similar reasons, we grant the motion for extension of time for filing the statement of facts.

Our prior opinion in this case dated September 11, 1981, is withdrawn and this opinion substituted.