Michael Gene ANDERSON et
al., Relators,

v.

Honorable Tom F. COLEMAN et
al., Respondents.

No. C–650.

Supreme Court of Texas.

Oct. 7, 1981.

William H. Scott, Jr., Browne & Moore,
Taylor Moore, Houston, for relators.

Robert L. Joseph, William G. Burnett,
Sinton, for respondents.

PER CURIAM.

This is a motion by Michael and Sheri
Anderson seeking review of the order of the
court of civil appeals denying their motion
to extend time to file a motion for rehear-
ing. Michael and Sheri obtained a judg-
ment awarding equitable relief against J. C.

Anderson in the trial court, and J. C. per-
fected an appeal. The court of civil appeals
wrote two opinions, the first dated May 28,
1981. J. C. filed a motion for rehearing,
and on June 25 the court handed down a
second opinion which affirmed the judg-
ment of the trial court and refused to con-
sider Michael and Sheri's cross points on
exemplary damages. *Anderson v. Ander-
son*, 618 S.W.2d 927 (Tex.Civ.App.1981).

On July 7 Michael and Sheri filed a time-
ly motion for extension of time for filing a
motion for rehearing under Rule 21c.[1] The
court denied the 21c motion on July 23. On
July 27 Michael and Sheri tendered their
motion for rehearing complaining of the
court's refusal to consider their cross points
on exemplary damages. The clerk refused
to file it. Michael and Sheri filed a motion
to review under Rule 21c. We grant the
motion.

Michael and Sheri have followed the
guidelines set out in *Banales v. Jackson*, 610
S.W.2d 732 (Tex.1980), for seeking review
of the court of civil appeals' order denying
their 21c motion. They filed a motion with-
in thirty days from the date of the denial of
the 21c motion which was accompanied by
the following documents: (1) the petition
for review, (2) a copy of the 21c motion that
was filed in the court of civil appeals, (3)
the supporting affidavit filed in that court,
(4) the clerk's certificate showing the orders
of the court of civil appeals, and (5) a brief.

Our review of an order denying an exten-
sion of time for filing a motion for rehear-
ing is limited to the record the movant
made in the court of civil appeals. An
examination of the record indicates that
Michael and Sheri's attorney had suffered a
heart attack and was hospitalized at the
time the motion for rehearing should have
been filed. This meets the test of "reason-
ably explaining" the need for an extension
of time under Rule 21c.

We hold that Michael and Sheri are enti-
tled to file their motion for rehearing, and
the court of civil appeals should consider
and rule upon it. In future appeals of this

1. Rules referred to are Texas Rules of Civil Procedure.

nature, where the parties have complied with the guidelines established in *Banales v. Jackson, supra,* we will review the record and, without hearing oral argument or issuing an opinion, either grant or deny the motion.