**EXPOSITION APARTMENTS COMPANY, d/b/a Brittany Apartments, Appellant,**

v.

**Joe BARBA, Appellee.**

**No. 13512.**

Court of Appeals of Texas,
Austin.

Nov. 18, 1981.

John H. Bennett, Jr., Munsell St. Clair, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, for appellant.

Richel Rivers, Hilgers, Watkins & Kazen, Austin, for appellee.

PER CURIAM.

This is an appeal by writ of error filed by Exposition Apartments from the entry of a default judgment by the County Court at Law of Travis County. Pursuant to Tex.R. Civ.P. 386,[1] the transcript was due to be filed with the Clerk of this Court on May 26, 1981. The fifteen-day time period for filing a Rule 21c motion for extension of time expired on June 10, 1981. The transcript was not tendered for filing by the due date and Exposition did not file a Rule 21c motion for extension of time to file the transcript. The transcript was eventually tendered and filed on June 11, 1981. Thereafter, Manfred Kerschke, a party in interest, filed a motion to dismiss the writ of error or affirm the judgment pursuant to Rule 387, subsection (a). In response, Exposition filed a motion to consider the transcript as filed. In the motion to dismiss, Kerschke claims this Court lacks jurisdiction to consider the late-filed transcript.

Prior to the 1980 amendments, the time limits of Rule 386 for filing the transcript were jurisdictional, and hence the failure to comply with those limits required the court of civil appeals to dismiss the appeal for want of jurisdiction. *See, e. g., Hanna v. Home Insurance Co.,* 260 S.W.2d 891 (Tex. Civ.App.—Dallas 1953, writ ref'd n. r. e.) (per curiam). Rule 386, however, was changed substantially by the 1980 amendments to provide that the

[f]ailure to file ... the transcript ... shall not affect the jurisdiction of the court or its authority to consider material

filed late, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against the appellant, either on motion or on the court's own motion, as the court shall determine.

The Eastland Court, in two separate opinions, has held that, despite the language of Rule 386, the timely filing of a transcript is still a jurisdictional prerequisite to appeal. *B. D. Click Co., Inc. v. Safari Drilling Corp.,* No. 5647 (Tex.Civ.App.—Eastland Aug. 28, 1981, writ filed) (opinion not yet published); *In re Brazil,* 621 S.W.2d 811 (Tex.Civ.App. —Eastland 1981, no writ). Three other Courts of Appeals have decided to the contrary, *Wallace v. Texas Employers' Insurance Association,* 624 S.W.2d 268 (Tex. App.—Dallas, 1981, no writ); *State v. Whitaker,* 617 S.W.2d 304 (Tex.Civ.App.— Tyler 1981, no writ) (per curiam); *see Perez v. Longoria,* No. 16880 (Tex.Civ.App.—San Antonio Aug. 12, 1981, no writ) (per curiam) (opinion not yet published).

■ This Court has concluded, however, that the timely filing of the transcript is no longer a jurisdictional prerequisite to appeal. Our conclusion is supported by the literal language of Rule 386 as well as by the comments on the 1980 amendments by various writers. Barrow, *Appellate Procedure Reform,* 12 St. Mary's L.J. 615, 616, 625 (1981); Guittard, *Other Significant Changes in the Appellate Rules,* 12 St. Mary's L.J. 667, 680–83 (1981); Pope and McConnico, *Practicing Law With the 1981 Texas Rules,* 32 Baylor L.Rev. 457, 508–9 (1980). In addition, the Supreme Court has stated in dictum "[a]fter January 1, 1981, timely filing the transcript ... is no longer jurisdictional ...." *Sears v. State,* 610 S.W.2d 734, 735 (Tex.1980).

■ Accordingly, this Court has jurisdiction of the appeal by writ of error even though neither the transcript nor a Rule 21c

---

1. All references are to the Texas Rules of Civil Procedure as amended effective January 1, 1981, unless otherwise indicated.

motion for extension of time was timely filed.

Kerschke claims further that this Court should dismiss Exposition's appeal by writ of error for failure to "reasonably explain" why it did not timely file the transcript.

Although we agree with the Dallas Court in *Wallace, supra,* that timely filing of the transcript is not jurisdictional, we do not agree with the Court's holding that Rule 437 is not effective to the extent it conflicts with Rule 386. Our view is that there is no conflict between Rule 386 and Rule 437, i. e., the fifteen-day time limit of Rule 21c still has vitality with regard to Rule 386.

Prior to the 1980 amendments, an extension of time under Rule 21c could have been granted "if a motion reasonably explaining the need therefore is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rules." The fifteen-day limit was mandatory, and the court of civil appeals could not grant the extension of time unless the motion were filed within that period. *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977); *Seismic & Digital Concepts, Inc. v. Digital Resources Corp.,* 583 S.W.2d 442 (Tex.Civ.App. —Houston [1st Dist.] 1979, no writ). In other words, even though an appellant had a reasonable explanation for his failure to timely file the transcript, the court of civil appeals was powerless to grant an extension of time if the appellant had not timely filed a Rule 21c motion for extension of time setting out a reasonable explanation. *See, id.*

Application of this rule often led to harsh results when the appellant had a reasonable explanation for not filing the transcript, but was unable to make a Rule 21c motion because, due to his reasonable explanation, he was either unaware that the transcript was due to be filed or unable to file the transcript until the time for making the Rule 21c motion had expired. A classic example of a reasonable explanation for not timely filing the transcript is the death of a party or his attorney. If, due to such death, it was not discovered that a transcript was due to be filed until *after* the

time for making a Rule 21c motion had expired, then the court of civil appeals was unable to afford the appellant any relief and was required to dismiss the appeal. *See generally,* Greenhill, *Advocacy in the Texas Supreme Court,* 44 Tex.B.J. 624, 630– 31 (1981).

We are of the view that this result is one the 1980 amendments were designed to prevent. Stated differently, in the above example, the court of appeals can now find that the death of the party or his attorney constituted a reasonable explanation for not timely filing the transcript and, in its discretion, could allow the transcript to be filed. *Compare, e. g., Hanna v. Home Insurance Co.,* 260 S.W.2d 891 (Tex.Civ.App.— Dallas 1953, writ ref'd n. r. e.) (per curiam) *and Seismic & Digital Concepts, Inc. v. Digital Resources Corp.,* 583 S.W.2d 442 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ) *with Wallace v. Texas Employers' Insurance Association, supra.*

In keeping with the policy requiring finality of judgments, however, the amount of time, which has elapsed, even though due to a reasonable explanation, must be a primary factor which the court of appeals considers in exercising its discretion to determine whether to allow the transcript to be filed late. Therefore, even the "most" reasonable explanation would not seem to justify the court of appeals in permitting a transcript to be filed more than a few weeks after the expiration of the Rule 21c period of fifteen days.

It appears to this Court, that the period of "grace" for late filing referred to above should be afforded only where appellant or counsel was not aware that a transcript was due to be filed until *after* the time for filing a Rule 21c motion for extension of time has passed. Should counsel be aware of the need for the filing *before* such time, then he must file a Rule 21c motion for extension of time. In different words, if counsel knows he will have to file the transcript late due to circumstances which constitute a reasonable explanation, and he becomes aware of this circumstance during the time a Rule 21c motion for extension

can be filed, then he *must* file a Rule 21c motion. If he becomes aware, before the expiration of the fifteen day period for filing a Rule 21c motion, that he will have to file the transcript late due to circumstances which would constitute a reasonable explanation, but he nevertheless waits until after the Rule 21c time period has expired, then he should not be allowed to file the transcript and the appeal should be dismissed, *regardless of how little time has elapsed between the date the transcript was due to be filed and the date on which he eventually filed it.*

This construction of the rules is necessary to encourage diligence with regard to the filing of a Rule 21c motion. This Court's concern with the opinion of the Dallas Court in *Wallace, supra,* is that under such construction the appealing party has no incentive to file a Rule 21c motion other than the fact the court will consider the lapse of time as a factor in determining whether to dismiss the appeal. Since it can usually be argued that one or two days will not prejudice appellee, it is doubtful that many Rule 21c motions would ever be filed. Such a construction would render Rule 21c practically useless with regard to Rule 386.

Since Exposition did not timely file its transcript nor a Rule 21c motion for extension of time, this Court is required to make a three part inquiry to determine whether we will allow the appeal: first, has Exposition evidenced a reasonable explanation for the late filing of the transcript; second, if the explanation is reasonable, then did it continue through the time for filing a Rule 21c motion for extension of time; and, third, if the reasonable explanation did continue through the time to file the Rule 21c motion, then does the reasonable explanation of Exposition justify the tardiness of the filing.

As to the first inquiry, the explanation given by Exposition for its late filing of the transcript was that counsel miscalculated the due date for filing the transcript. A "reasonable explanation" means any plausible statement of circumstances indicating the failure to timely file the transcript was not deliberate or intentional, but was the result of inadvertance, mismistake or mischance. *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977). Whether a particular set of circumstances will constitute a reasonable explanation is a matter within the discretion of the court of appeals. *See Banales v. Jackson,* 610 S.W.2d 732 (Tex. 1980). Miscalculation of the due date for filing the transcript is generally considered to be a reasonable explanation.[2] *See Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex. 1977). Of course, Exposition at all times intended to pursue this appeal by way of writ of error. *Cf. Shriver v. McLennan County Children's Protective Services,* 610 S.W.2d 229 (Tex.Civ.App.—Waco 1980, no writ) (Where indecision as to whether to appeal was held to be negligence or indifference.) Because the late filing of the transcript in this case was due to the miscalculation of the due date for filing, we are of the opinion Exposition has presented a reasonable explanation for its late filing.

As to the second inquiry, according to Exposition's mistaken calculation of the due date for filing the transcript, the transcript was not due to be filed until June 26, 1981. Exposition was not aware the transcript had been filed late until June 16, 1981. The date on which the time for filing a Rule 21c motion for extension of time expired was June 10, 1981. Therefore, Exposition's reasonable explanation continued on through the period for filing a Rule 21c motion for extension of time.

As to the third inquiry, because courts often grant Rule 21c motions for extensions of time to file transcripts, the concern is not

---

2. We observe this is not a situation where the miscalculation of the due date for filing the transcript is "nullified" because of counsel's negligence or indifference in timely requesting preparation of the transcript. *See Shepard v. Shepard,* 572 S.W.2d 86 (Tex.Civ.App.—Hous-

ton [1st Dist.] 1978, writ ref'd n. r. e.); *see also, Stanford v. Greggton Motor Service, Inc.,* 579 S.W.2d 526 (Tex.Civ.App.—Tyler 1979, no writ) (per curiam); We see no such lack of diligence on the part of Exposition.

so much the mere passage of time between the date the transcript is due to be filed and the date it is actually filed; rather, the concern is the amount of time which passes *while the appellee has no idea whether appellant intends to pursue his appeal*, since appellant is not taking a procedural step necessary to perfect his appeal, *i. e.*, filing the transcript. As noted above, the last date for filing a Rule 21c motion in this case was June 10, 1981. Exposition filed its transcript on June 11, 1981. Therefore, this Court is not convinced appellee was significantly prejudiced by a one day delay in filing the transcript.

We grant Exposition's motion to consider the transcript as filed and overrule the motion to dismiss or affirm judgment.