**Evan MATTOX, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–220–CR.**

Court of Appeals of Texas, Corpus Christi.

June 23, 1983.

458

Nathanial G. Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of aggravated robbery. After returning a verdict of guilty, the jury assessed punishment at ten years in the Texas Department of Corrections and a fine of $10,000. The confinement was probated upon the jury's recommendation.

In his first ground of error, the appellant contends that this Court erred in refusing to grant his motion to late-file a transcription of the court reporter's notes. In a per curiam opinion delivered August 26, 1982, this Court explained the reasons for denying appellant's requested extension of time:

"The deadline for filing the statement of facts was June 29, 1982. Appellant filed this motion on July 8, 1982, in which he stated that the court reporter had been unable to complete the transcription of testimony which he alleged to be lengthy. The court reporter's accompanying affidavit indicates that appellant and his attorney repeatedly instructed her to delay her transcribing until appellant could meet the costs involved. No pauper's oath was filed. The last request to postpone was made on June 18, 1982. Appellant has not indicated when he finally instructed the court reporter to begin, despite this Court's request for such information.

We are not of the opinion that the court reporter's delays in transcribing her notes when incurred upon appellant's deliberate instructions constitute good cause for an extension. TEX.CODE CRIM.PRO.ANN. Art. 40.09(13). The motion is DENIED."

Appellant cites *Timmons v. State*, 586 S.W.2d 509 (Tex.Cr.App.1979) in support of his ground of error. *Timmons*, however, makes clear that where the statement of facts is not filed, for an appellant to be entitled to a reversal, he must show due diligence in requesting it and must also show that the failure to file is not in any way due to negligence, laches, or other fault on the part of appellant and his counsel. Appellant has failed to meet his burden. Appellant's first ground of error is overruled.

Appellant requests that we abate the appeal so that a statement of facts may be filed. To the extent that this request can be considered a new motion for an extension of time to file the statement of facts, it is denied.

In his second ground of error, appellant contends that the evidence is insufficient to support the conviction. In the absence of a statement of facts, nothing is presented for review. *Beck v. State*, 583 S.W.2d 338 (Tex.Cr.App.1979). The appellant's second ground of error is also overruled.

 

We have carefully examined the record that is before us and find no fundamental error.

The judgment of the trial court is affirmed.