Al ZIMMERMAN, Individually and as President of Alco Enterprises, Inc., Appellant,

v.

Jack BOYCE and Pearl Boyce, Appellees.

No. 08–83–00175–CV.

Court of Appeals of Texas, El Paso.

June 29, 1983.

Rehearing Granted With Opinion Aug. 17, 1983.

Marian R. Bentley, Todd, Barron, Bridges & McKeel, P.C., Odessa, for appellant.

Dean Rucker, Rucker & Rucker, Midland, for appellee.

## OPINION

### PER CURIAM.

The Appellant has filed a sworn motion under Rule 356(b) requesting an extension of time to file a cost bond, and has also timely filed a sworn motion under Rule 21c requesting an extension of time to file the transcript and another timely filed motion with two attached affidavits under Rule 21c requesting an extension of time to file the statement of facts.[1]

A take-nothing judgment was signed in this bench-tried case on March 2, 1983. A motion for new trial was timely filed on March 9, 1983. Rule 329b(a). This motion was set for hearing on April 22, 1983. On March 31, 1983, counsel for Appellant underwent emergency surgery and was out of her office until April 18, 1983. From that date until May 17, 1983, she was able to work in the office only a few hours per day. The hearing on the motion for new trial was continued by agreement of all counsel and subsequently overruled by operation of law on May 16, 1983. Rule 329b(c).

The appeal bond or cash deposit was required to be filed on May 31, 1983, ninety days after the judgment was signed. Rule 356(a). Since no bond was filed or cash deposit made by that date, Appellant had an additional fifteen days within which to file a bond or deposit cash and to file a motion in this Court reasonably explaining the need for an extension of time. Rule 356(b). The motion was timely filed on June 10, 1983, and the transcript which has been tendered for filing reflects a $500.00 cash deposit was paid to the district clerk on June 8, 1983.

The last day to file the transcript and statement of facts was June 10, 1983. Rule 386. The motion to extend the time to file the transcript was timely filed on June 10, 1983. Rule 21c(1). This motion reflects that the district clerk was requested to prepare the transcript on June 8, 1983, and recites that the transcript should be available for filing on June 24, 1983. The transcript was actually received by our Clerk on

---

1. All reference to rules are to the Texas Rules of Civil Procedure.

June 13, 1983. The same explanation is given in this motion as to the need for additional time resulting from the emergency surgery of Appellant's counsel and the motion also states:

Because of the backlog of work which accumulated during this recovery from surgery, the undersigned attorney has only recently requested the Court Clerk to complete the preparation of the Transcript. The Court Clerk is laboring under a busy schedule, and is not able to complete preparation of the Transcript in this case by June 10, 1983.

The motion for extension of time to file the statement of facts also recites the facts concerning the emergency surgery and the busy schedule of the court reporter which requires additional time to complete the statement of facts. Attached to this motion is an affidavit of the court reporter stating that the statement of facts was requested on June 8, 1983, and it would probably be completed by July 10, 1983. There is also an affidavit of the attorney which sets forth the above facts and her statement that this request "is not deliberate or intentional, but is the result of inadvertence, mischance and unforeseeable circumstances." This same sworn statement appears in the motion to extend the time for filing the cash deposit.

The Appellees have filed a response to the motion to extend the time to file the bond. They contend the motion gives no reasonable explanation for failure to timely perfect the appeal. The reply notes that Appellant's counsel returned to work on April 18 and had six weeks to deposit $500.00 with the district clerk and failed to do so.

In *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977), the court adopted the language from the dissenting opinion by Chief Justice Guittard in *Sloan v. Passman,* 536 S.W.2d 575 (Tex.Civ.App.—Dallas 1976, no writ), dissenting opinion, 538 S.W.2d 1. The Supreme Court of Texas in its opinion concluded that "reasonably explaining" means any plausible statement of circumstances indicating that failure to file within the required time "was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." Just two months earlier, the Dallas court, with a late burst of wisdom, had overruled its earlier opinion in the Sloan case and adopted the reasoning of the dissent in Sloan. *United States Fire Insurance Company v. Stricklin,* 547 S.W.2d 338 (Tex.Civ.App.—Dallas 1977, no writ).

Two years later, the Dallas court gave application to that test and in an opinion by Justice Robertson noted that "preoccupation with other affairs is not a reasonable explanation." *Hargrove v. City of Garland,* 581 S.W.2d 699 (Tex.Civ.App.—Dallas 1979, no writ). In a companion case, the court denied a Rule 21c motion where the request for the transcript was not made until next to the last day before it was due in the appellate court. *Brice v. Brice,* 581 S.W.2d 699 (Tex.Civ.App.—Dallas 1979, no writ).

The following year, the Corpus Christi court denied a Rule 21c motion where counsel did not request the statement of facts from the court reporter until two days before it was required to be filed in the appellate court. *Southern Pacific Transportation Company v. Yendrey,* 605 S.W.2d 676 (Tex. Civ.App.—Corpus Christi 1980, no writ). In doing so, the court said:

Lateness in requesting preparation of the statement of facts is an element to be considered in determining whether an extension of time should be granted.

\*　　\*　　\*　　\*　　\*　　\*

While a reasonable time during which a statement of facts should be requested will vary depending on the length and complexity of the trial, as well as the number and nature of the exhibits to be prepared as part of the record, we find it to be unacceptable to order the statement of facts just two days before the deadline for filing in this case.

Our courts have continued to use the definition adopted in Meshwert, and yet we probably grant hundreds of motions for extensions of time to file statements of facts every month based upon affidavits by court reporters that they are busy and that other

cases have to be completed first, even though this does not result from "inadvertence, mistake or mischance." The circumstances as they relate to the ability of the court reporter to prepare the record do show that the failure to timely file is not deliberate or intentional. See: *Wolters v. Wright,* 623 S.W.2d 301 (Tex.1981). Without saying so, we have by our application included circumstances over which an appellant has little actual control, such as the sick, the busy or the lazy court reporter. But, preoccupation or indifference on the part of counsel will not suffice.

█ One of the most recent cases to consider a motion for extension of time under Rule 21c is *Moore v. Davis,* 644 S.W.2d 40 (Tex.App.—Dallas 1982, no writ). In that case, Chief Justice Guittard writing for the court concluded that the statement of facts is requested "promptly" if it is made at or before the time the appellant perfects his appeal by filing the appeal bond. If he fails to request the statement of facts at that time, he assumes the burden of explaining why he failed to do so. The court concluded that there was no need to account for the failure to make the request earlier because until the appeal bond is filed there has been no determination as to whether or not to perfect the appeal and no need to order the preparation of the statement of facts. Following that same logic, we conclude that until the motion for new trial has been overruled by the court or by operation of law there is no need to explain any delay in filing the appeal bond or making the cash deposit. In this case, the motion for new trial was overruled by operation of law on May 16, 1983. According to her affidavit, that was the last day counsel worked part-time as a result of her surgery. The rule then provides for an additional fifteen days in which to file the bond, and there is no indication that she was not working full time during that time. The only other explanation is that because of the backlog of work she was unable to commence work on this appeal until June 8, 1983, when she made the cash deposit with the clerk, requested the transcript, requested the statement of facts and apparently prepared the three motions for filing in this case.

Since there apparently was no physical disability during the period from May 17, 1983, until May 31, 1983, and preoccupation is no excuse, we are unable to grant the motion to extend the time for filing the cash deposit, and that motion is denied. The other two motions then become moot.

### OPINION ON MOTION FOR REHEARING

#### PER CURIAM.

█ Appellant has filed a motion for rehearing in which it is contended that the reasonable explanation for failure to timely make the cost deposit was not because of counsel's preoccupation with other business but was primarily the result of inadvertence. Attached to the motion is another affidavit which details counsel's disabilities following surgery, including her weakness and fatigue and the continual need for additional rest and rehabilitation. The affidavit says:

Because of the pain I was experiencing as a result of the surgery and the aftereffects of depression, combined with the increased mental stress and strain of trying to catch up on a heavy backlog of work, I failed to realize that May 31, 1983 was the deadline to file a cost bond or deposit in this case. At approximately 4:00 p.m., June 6, 1983, I realized that the date had passed, and I immediately began working on the cost bond and a motion for extension.

The affidavit concludes:

The late filing of the cash deposit was not a deliberate or intentional act on my part. Although I had not recovered, I was trying to work full time for my employer and to do the best that I could under difficult and trying physical and mental circumstances. The late filing of the cash deposit was certainly inadvertent and unintentional on my part and was the result of the unforeseeable cir-

cumstances of a lengthy recovery from unexpected surgery.

Black's Law Dictionary, 5th Ed., 1979, defines "inadvertence" as:

Heedlessness; lack of attention; want of care; carelessness; failure of a person to pay careful and prudent attention to the progress of a negotiation or a proceeding in court by which his rights may be affected.

Webster's Third New International Dictionary (1971) defines "inadvertence" as:

1. The fact or action of being inadvertent; lack of care or attentiveness: INATTENTION

2. An effect of inattention: a result of carelessness: an oversight, mistake, or fault from negligence.

The affidavit of counsel that she failed to realize the deadline for filing the bond indicates a lack of attention and want of care on her part. Thus, it appears that there is a showing of inadvertence on the part of counsel. Yet, in practically every case where a Rule 21c motion has been denied, there has been a lack of attention and a want of care on the part of counsel. Otherwise, there generally would be no need for extensions to complete the appeal (except of course the numerous extensions for "busy" court reporters).

In *Brice v. Brice*, 581 S.W.2d 699 (Tex.Civ.App.—Dallas 1979, no writ), the court held that counsel's reliance upon a deputy district clerk's statement as to when the record had to be filed was not the result of inadvertence. In *Stanford v. Greggton Motor Service, Inc.*, 579 S.W.2d 526 (Tex.Civ.App.—Tyler 1979, no writ), the record was not requested until four days before it was due in the appellate court. The explanation for the delay was that counsel was engaged in interviewing persons to fill positions in a legal service office and "through inadvertence" did not make the request for the transcript and statement of facts until just before they were due to be filed. The court denied the motion for extension of time and held there was no reasonable explanation for waiting until the fifty-sixth day after judgment to request the record. In *Shep-*

*ard v. Shepard*, 572 S.W.2d 86 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), the court denied a timely filed motion where the request for the record was made two days after it was due in the appellate court.

In each of these cases it could be said that counsel's conduct resulted from inadvertence, that is, it was the result of "heedlessness, lack of attention, want of care and carelessness." In 1980, it was noted that " '[r]easonably explaining the need for the extension' is a phrase that has sometimes been misunderstood." Pope and McConnico, Practicing Law with the 1981 Texas Rules, 32 Baylor L.Rev. 457 at 502. That misunderstanding may still continue. Perhaps the word "inadvertence" should not be a part of the explanation of "reasonably explaining." Otherwise, it is impossible to reconcile the results in the three cited cases, where counsel's conduct evidenced a want of care and lack of attention, with the language used in all of the cases to define "reasonably explaining."

A review of Justice Guittard's dissent in *Sloan v. Passman*, 538 S.W.2d 1 (Tex.Civ.App.—Dallas 1976, no writ), indicates that his argument was based upon the holding in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), where the court set forth the standard of review to be used in determining whether a default judgment should be set aside and a new trial ordered in any case in which the defendant failed to answer before judgment had been entered. In the Craddock case, Commissioner Hickman said a new trial should be ordered when the failure to answer "was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident." The court in that opinion did not use the word or set a standard based upon "inadvertence." Instead, that term was added to the Craddock language by the dissent in Sloan and eventually adopted in *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977).

What then are we to do with a contested motion for an extension of time where the

conduct results from lack of attention and want of care and comes within the definition of "inadvertence" which also means fault from negligence? In *Joslin v. Joslin,* 636 S.W.2d 519 (Tex.App.—Corpus Christi 1982, no writ), the court held that an error resulting from indifference, negligence or disregard is not based on a plausible explanation and therefore cannot be considered to be reasonable. We agree with that holding, but recognize that if "inadvertence" is to be a part of the definition of "reasonably explaining" it must under a recognized definition include lack of attention, want of care and fault from negligence.

We believe the rule was intended to cover situations like those in *Anderson v. Coleman,* 626 S.W.2d 301 (Tex.1981), where counsel was hospitalized at the time the motion for rehearing should have been filed, even though we have difficulty concluding that such circumstance "was the result of inadvertence, mistake or mischance." But we have serious doubts that the rule was intended to cover a situation where counsel was in the office and working during the fifteen-day period within which the bond or cash deposit should have been filed after the motion for new trial was overruled by operation of law. It appears that if we are to continue to interpret "reasonably explaining" as meaning any plausible statement of circumstances indicating that the failure to timely file was the result of "inadvertence," then it seems that we will be compelled to grant practically every motion filed for an extension of time to meet some appellate requirement because many motions reflect some carelessness and negligence upon the part of counsel.

Following the Meshwert definition and concluding that counsel's failure to meet the necessary appellate deadlines was not deliberate or intentional but the result of inadvertence, we grant the motions to extend the time to file the cash deposit and the time to file the transcript and statement of facts.