**Wilfred Joseph MILLER, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 13–83–281–CR, 13–83–282–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 16, 1984.

On Motion for Additional Rehearing
Feb. 23, 1984.

Joseph Connors, III, McAllen, for appellant.

Rene Guerra, Ted Hake, Asst. Dist. Attys., Edinburg, for appellee.

ORDER

PER CURIAM.

The trial court approved the appellate records in the above captioned and numbered appeals on December 13, 1983. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 40.09(9), the appellant's briefs were due to be filed in this Court on or before January 12, 1984. The appellant filed motions in both causes requesting an extension of time in which to file the appellate briefs. On January 26, 1984, appellant's briefs were received by the Clerk of this Court. The Court ordered the tendered appellant's briefs to be stricken because they were not in compliance with Tex.Crim. App.R. 202. This rule provides in pertinent part:

"Briefs should be *as short as possible*, but in no event shall they exceed 50 pages unless leave of the appellate court is first obtained .... Briefs must be compact, logically arranged, concise, and *free from burdensome, irrelevant, and immaterial matter .... Briefs not complying with this rule may be disregarded and stricken by the appellate court.*" (emphasis supplied.)

On January 31, 1984, appellant resubmitted his briefs in this Court.

■■■ On February 2, 1984, this Court overruled appellant's motions for extension of time to file his appellate briefs. Extensions of time will be granted only when there is a compliance in form with Tex. Crim.App.R. 6 and for good cause shown. *Robinson v. State*, 661 S.W.2d 279 (Tex. App.—Corpus Christi 1983, no pet.); *See also Mattox v. State*, 663 S.W.2d 457, No. 13–82–220–CR (Tex.App.—Corpus Christi 1983, 1983 pet. ref'd.). In attempting to show good cause for his failure to timely file the appellate brief, appellant's counsel explained that he had been "extremely busy working on other matters in his office". This explanation fails to satisfy the "good cause shown" requirement. *See*

*Bragg v. City of Dallas*, 608 S.W.2d 696 (Tex.Civ.App.—Dallas 1980, no writ.).

Appellant's counsel, after the briefs were stricken, filed in this Court a "Motion for Permission to File a 50 Page Brief" and a "Motion for Rehearing of Appellant's First Motion for Extension of Time to File Brief." These motions are denied.

■■■ We hold that the briefs that were attempted to be filed by Joseph A. Connors III, appellant's appointed counsel on appeal, were properly disregarded and stricken by this Court for failure to comply with Tex.Crim.App.R. 202. Effective assistance of counsel on appeal cannot be afforded an appellant unless an appellate brief is filed in his behalf. *See Guillory v. State*, 557 S.W.2d 118 (Tex.Cr.App.1977). We find that appellant's counsel has therefore failed to provide reasonably effective assistance of counsel on appeal.

■■■ Since appellant is indigent, he has the right to have proper appellate briefs filed in his behalf. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Since no proper appellate briefs have been filed in this Court in the appellant's behalf, the appeals are abated. *Duncan v. Evans*, 653 S.W.2d 38 (Tex. Cr.App.1983). The trial court is instructed to appoint an attorney for appellant in both cases so that appellant may prosecute a meaningful appeal in each case. As noted in *Duncan*, the trial court has control over the case until the new supplemental record reaches the appellate court. Once the trial court appoints counsel to represent the appellant, the records should again be approved and filed with the Clerk of this Court. The appellate briefs will be due in this Court in accordance with art. 40.09 of the Code of Criminal Procedure.

Both appeals had been set for submission on February 23, 1984. Because of the abatement of these appeals, the submission date is cancelled. The cases will be reset for submission once the supplemental record reaches the appellate court.

The above captioned and numbered appeals are hereby abated with instructions to the trial court.

## ON MOTION FOR ADDITIONAL REHEARING

Appellant has filed a "Motion for Additional Rehearing of All Matters Ruled on in This Court's Per Curiam Order of February 16, 1984" and a "Second Motion for Extension of Time for Filing Appellant's Brief with Application for Suspension of Any Tex.Cr.App. Rule Conflicting with The Request Herein Sought." These motions are denied. No further motions for rehearing will be entertained.

The clerk of this Court is ordered to issue the mandates in the above titled and numbered causes instanter.